### ROLLIN M. HOCKADAY *et al.* v. M. F. JONES.

(Filed Feb. 11, 1899.)

1. ACTION—*Constructive Service on Resident Defendant—Void Judgment.* A judgment rendered against a defendant by default upon constructive service by publication, in an action for goods sold and delivered,—there being no personal service, and no appearance of the defendant,—is absolutely void, where, at the time of the commencement of such action and of the making of such publication, the defendant was a resident of the Territory, and, by due diligence, summons could have been personally served upon him.

2. JUDGMENT—*Action to Enjoin Execution—Must Show, What.* A party against whom a judgment has been rendered by default, which judgment is void for want of jurisdiction over the person of the defendant, cannot maintain an action to enjoin an execution on said judgment, or to annul such judgment, unless he makes it appear, both from his pleadings and proof, (1) that he has a meritorious defense to the cause of action on which the judgment is based; (2) that he has no adequate remedy at law; and (3) that the existence of such judgment is in no wise attributable to his own neglect.

3. VOID JUDGMENT—*Remedy.* Where a judgment has been rendered against a party without service, actual or constructive, he has a complete adequate remedy at law against the same, under subdivision 3 of section 586 of the Code of Civil Procedure, which provides that the district court shall have power to vacate or modify its own judgment or order at or after the term at which such judgment or order was made, for irregularity in obtaining such judgment or order; a judgment without service being irregularly obtained.

(Syllabus by the Court.)

*Error from the District Court of Lincoln County; before Jno. H. Burford, District Judge.*

*T. G. Chambers, R. N. McConnell* and *R. G. Hays,* for plaintiff in error.

*John W. Shartel* and *Asp & Cottingham,* for defendants in error.

Action by M. F. Jones, plaintiff, against Rollin M. Hockaday, W. H. Harmon, and E. J. Rowe, partners, and Frank Gebke, sheriff of Lincoln county, to vacate and annul a judgment, to vacate and annul certain garnishment proceedings, and to restrain the enforcement of executions issued upon said judgment and garnishment proceedings. From a judgment for plaintiff, defendants prosecute this appeal. Reversed.

Opinion of the court by

TARSNEY, J.: Harmon, Hockaday & Rowe brought suit in the district court of Lincoln county against Jones to recover upon an account for goods and merchandise sold, in the sum of $575.31. The action was commenced by publication, no personal service being obtained. An affidavit, sufficient in form, and regular upon its face, was made, alleging that the defendant was a non-resident of the Territory, and that service of summons could not be made on defendant, and that plaintiffs, with due diligence were unable to make service of summons; that debts were owing the defendant in the county of Lincoln. Summons and garnishment were issued against divers persons indebted to said defendant. In the action, judgment was rendered by default against the defendant Jones, and judgments were also rendered therein against divers per-

sons summoned as garnishees. Executions were issued, and, at the commencement of this suit, were in the hands of the plaintiff in error, the sheriff, who was about to levy the same against the several garnishees. This action was instituted by Jones, seeking to cancel and annul the said judgment and restrain the collection of said executions, on the ground that the judgments were void, for the reason that at the time of the action against him was commenced he was a resident of this Territory, and by the exercise of due diligence the plaintiffs in that action could have obtained personal service of summons upon him. Upon the trial of this cause, the court below found for the plaintiff, and that the allegations in plaintiff's petition were true.

I. As the only issues of fact tried by the court below, viz. (1) whether Jones, at the time of the commencement of the suit against him, was a resident of this Territory, and could, by proper diligence, have been personally served with process; and (2) whether said Jones had, by any act, entered a voluntary appearance in said action, so as to give the court jurisdiction—were controverted facts, determined by the court below upon conflicting testimony, we cannot review the action of the court in arriving at its conclusion upon those questions. Where a case is tried by the court without a jury, and a general finding of facts is made upon oral testimony, such finding is a finding of every special thing necessary to be found to sustain the general finding, and is conclusive upon this court upon all doubtful and disputed questions of fact. (*Tootle v. Brown*, 4 Okla. 612, 46 Pac. 550; *United States Nat. Bank v. National Bank of Guthrie*, 6 Okla. 163, 51 Pac. 119; *Penny v. Fellner*, 6 Okla. 386, 50 Pac. 123; *Gillette v.*

*Murphy,* 7 Okla. 91 54 Pac. 413; *City of Guthrie v. Shaffer,* 7 Okla. 459, 54 Pac. 698.)

The trial court having found that no personal service had been had upon Jones, and that, at the time constructive service by publication was sought to be obtained, he was not a non-resident of the Territory, but was a resident therein, and by due diligence personal service could have been had upon him, do such findings support the conclusion that the court rendering judgment upon such attempted constructive service was without jurisdiction, and the proceedings and judgment absolutely void? This must be answered in the affirmative. Jurisdiction in *quasi* proceedings *in rem* implies jurisdiction of the person as well as of the subject-matter. Jurisdiction of the person is acquired by appearance or service. There is no appearance. Service is obtained by summons upon a resident; by publication upon a non-resident, or one concealed and beyond the reach of summons. Service in this case was by publication, but the defendant was a resident, and not concealed. Therefore the publication was inoperative to bring the defendant into court, and the judgment void for want of jurisdiction of the person. (*Bixby v. Bailey,* 11 Kan. 359; *Insurance Co. v. Robbins,* [Neb.] 73 N. W. 269; *Stamps v. Birdwell,* 57 Mo. 22; *Brown v. Woody,* 64 Mo. 547; Freem. Judgm. [4th Ed.] sec. 117; 1 Black. Judgm. sec. 218; 12 Enc. Pl. & Prac. p 179, and cases cited.)

Mr. Black, in the section of his work above cited, says: "It is a familiar and universal rule that a judgment rendered by a court having no jurisdiction of either the parties or the subject-matter is void, and a mere nullity, and will be so held and treated whenever and wherever, and for whatever purpose, it is sought to be used or relied on as a valid judgment." Mr. Freeman says: "Jurisdiction over

the person is obtained by service of process within the jurisdiction of the court, or in some other manner authorized by law, or by the voluntary appearance of a party during the progress of the cause." (Freem. Judgm. sec. 119.) And in section 120 of said work the author says: "The defendant may also give the court jurisdiction by his voluntary action, as where he appears by his answer, or in some other mode recognized by law; and, if he does not do so voluntarily, then, before the court can rightfully exercise jurisdiction over him, it must be authorized to require him to appear before it and submit to its judgment in the action or proceeding, and its process requiring such appearance must be issued and served upon him in substantial compliance with the law."

The authority cited by counsel for plaintiffs in error *(Ogden v. Walters*, 12 Kan. 282) to support the contention that the judgment was not void, but only viodable, at most, is not applicable. That was an entirely different case. In that case the judgment was sought to be attacked in a collateral proceeding. The absolute falsity of the affidavit was not put in issue, but only its sufficiency. It was an action to foreclose a mortgage, the statute requiring that, "before service can be made by publication, an affidavit must be filed that service of summons cannot be made within this state on the defendant or defendants to be served by publication, and that the case is one of those mentioned in the preceding section." (Code Civ. Proc. Sec 78.) The affidavit did state "that service of summons cannot be made within the state of Kansas on the defendants, David A. Williams and Mary Williams; that the case is one of those mentioned in section 78 of the Code of Civil Procedure, to wit, suit for the

foreclosure of a mortgage upon real estate situated and being in said county of Brown." The court held that the affidavit in the case, although undoubtedly defective in not stating positively and directly that the defendants were non-residents of the state, or that they had departed from the county of their residence with intent to delay or defraud their creditors or to avoid the service of summons, or that they kept themselves concealed with like intent, and that the court trying the cause might properly have refused to render any judgment upon the service obtained by such an affidavit, or might have set aside such a service, still, the affidavit stating inferentially that the defendants were non-residents of the state, in view of the general rule that all presumptions from absence or silence in the record of a court of general jurisdiction will be in favor of the regularity and validity of the proceedings of such court, the defects in the affidavit in question were only irregularities, which rendered the judgment thereon voidable only, and not void. There the only question was whether the record introduced in evidence showed upon its face the judgment to be void. Here the record is complete and regular upon its face to support the judgment, but the judgment is attacked directly, not collaterally, on the ground that the affidavit for publication, in stating jurisdictional facts, was absolutely untrue; and this the court below has found to be the fact. We think that, under all the authorities, where the proceeding is a direct proceeding to attack the judgment on the grounds of want of jurisdiction, as in this case (the non-existence of conditions essential upon which to base the jurisdiction) the want of such conditions may be shown, by extrinsic evidence, and, when shown, will support a finding that the judgment was absolutely void.

—11

II.   But it does not necessarily follow, because this judgment is void for want of jurisdiction of the defendant, that the latter is entitled to an injunction to restrain its enforcement, or to a decree annulling it.   This is a proceeding in equity, where equitable relief only is asked, and will be governed by rules and principles prevalent in those courts where relief of that character is prayed. Upon the trial of this cause in the court below, the plaintiffs in error objected to the introduction of any testimony in the cause, for the reason that the petition did not state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendants.   This objection was by the court overruled, and the ruling of the court duly excepted to, and such ruling is assigned as error.   The only ground alleged in the petition for annulling the judgment, or sustaining the injunction against the executions issued thereon, was that the court rendering the judgment had never acquired jurisdiction over the person of the defendant therein, and that the said defendant, at the time the proceedings by publication were had, was not a non-resident of the Territory, but was a resident, and could, by the exercise of diligence, have been personally served with summons.   It was not alleged in said petition that the plaintiff therein had any meritorious defense to the cause of action upon which said judgment was   rendered,   or   that   such   judgment   was   rendered against him without any negligence or fault on his part, or that he was without adequate legal remedy against said judgment.   Will execution be enjoined and a judgment annulled by a court of chancery on the ground alone of a want of jurisdiction in the court to render the judgment?   The authorities are nearly uniform   in   the negative of this proposition.   A court of equity does not

interfere with judgments at law, unless the complainant has an equitable defense, of which he could not avail himself at law, or had a good defense at law, which he was prevented from availing himself of by fraud or accident, unmixed with negligence of himself or his agents. (*Insurance Co. v. Hodgson,* 7 Cranch, 332; *Hendrickson v. Hinckley,* 17 How. 443; *Phillips v. Negley,* 117 U. S. 665, 6 Sup. Ct. 901; *Knox Co. v. Harshman,* 133 U. S. 152, 10 Sup. Ct. 257; *Bank v. Meredith,* 44 Mo. 500; *Railway Co. v. Reynolds,* 89 Mo. 146, 1 S. W. 208; *Luco v. Brown,* [Cal.] 14 Pac. 366; *Losey v. Neidig,* [Neb.] 71 N. W. 1067; *Insurance Co. v. Robbins,* [Neb.] 73 N. W. 269; *John V. Farwell Co. v. Hilbert,* 91 Wis. 437, 65 N. W. 172; *Railroad Co. v. Lowder,* 138 Mo. 533, 39 S. W. 799; *Crocker v. Allen,* 34 S. C. 452, 13 S. E. 650; 11 Enc. Pl. & Prac. 1200, and cases cited.)

In *Insurance Co. v. Hodgson,* 7 Cranch, 332, Mr. Chief Justice Marshall says: "Without attempting to draw any precise line to which courts of equity will advance, and which they cannot pass in restraining parties from availing themselves of judgments obtained at law, it may safely be said that any fact that clearly proves it to be against conscience to execute a judgment, and of which the injured party could not have availed himself in a court of law, or which he might have availed himself at law, but was prevented by fraud or accident, unmixed with any fault or negligence in himself or agents, will justify an application to a court of chancery."

In *Railway Co. v. Reynolds, supra,* the supreme court of Missouri says: "If the justice of the peace had acquired no jurisdiction, as the petition alleges, the railway company has no need to come to a court of equity to enjoin proceedings which are void *ab initio.* If the judgment

of the justice is void, then will the execution issued thereon be void also, and equity will not interfere to do a nugatory act. The remedy of the railroad is ample and adequate at law, and this prevents the interposition of a court of equity, as a suit could be maintained against the constable as a trespasser, and the purchaser's pretended title would be valueless. This is elementary law."

In *Insurance Co. v. Robbins*, 73 N. W. 272, the supreme court of Nebraska says: "A party against whom a judgment has been rendered by default, which judgment is void for want of jurisdiction over the person of the defendant, is not entitled to an injunction to restrain the enforcement of said judgment, unless it appears, both from his pleadings and proof, (1) that he had a meritorious defense to the cause of action on which the judgment is based; (2) that he has no adequate remedy at law; (3) and that his plight is in no wise attributable to his own neglect. * * One reason for the rule is that equity will not do a useless thing, and it would subserve no useful purpose to set aside a judgment void for want of jurisdiction, if the party asking this had no defense to the action upon which it was based. Another reason for this rule is that it is not enough that the judgment assailed be unlawful; it must be against conscience, as well."

In *Crocker v. Allen*, 34 S. C. 452, 13 S. E. 650, the court says: "It seems to us clear, therefore, that this action on the equity side of the court cannot be sustained where, as in this case, the complaint contains no allegations imputing to the case any features of equitable cognizance, but rests solely upon the allegation that

plaintiff was never served with process in the action in which the judgment in question was recovered."

In *Railway Co. v. Wright*, (Tex. Civ. App.) 29 S. W. 1134, it is said: "The better rule, however, and the one most usually applied, is that equity will not grant its extraordinary power to redress a grievance, where an adequate remedy exists at law for the protection of the judgment debtor against a void judgment."

In *Farwell Co. v. Hilbert, supra*, the supreme court of Wisconsin says: "Granting that the judgments were void for want of jurisdiction, the result would be the same. Courts of equity will not enjoin a judgment at law merely for want of jurisdiction in the courts in which the judgment was rendered; and, where a party can say nothing against the justice of the judgment, equity will not interfere, but leave him to contend against it at law as best he can."

The great weight of the authorities, as we find them, are in harmony with those cited, and, upon reason and principle, establish the correct doctrine,—that a party invoking the powers of a court of equity to annul or restrain a judgment of a court of law on the ground of a want of jurisdiction in the court to render the judgment must, in addition to alleging and proving such want of jurisdiction, also allege and prove such other matters as will bring his case within the general principles of equitable relief, as administered in courts of that character, viz. that he has a meritorious defense to the action, that he has no adequate remedy at law, and that the judgment was rendered against him without any fault or negligence upon his part, or that of his agents. Thus tested, did the defendant in error, by his petition

and proofs, bring himself within these rules? It is neither alleged nor proven that defendant in error had any meritorious defense or any defense, to the action of the plaintiffs in error had he been regularly summoned in that action. Nor is it alleged or proven that, though the judgment was absolutely void for want of jurisdiction, he was without adequate legal remedy. On the contrary, it appears, as matter of law, that he had a clear legal remedy, more speedy and adequate than the proceeding adopted. Section 586, p. 860, Code of Civil Procedure, (Statutes 1893,) provides: "The district court shall have power to vacate or modify its own judgments or orders at or after the term at which such judgment or order was made. * * (3) For mistake, neglect or omission of the clerk, or irregularity in obtaining a judgment or order." By section 587 of the Code, it is provided that the proceeding to correct the mistake or omissions of the clerk, or irregularity in obtaining the judgment or order, shall be by motion, upon reasonable notice to the adverse party or his attorney in the action. But counsel for defendant in error contend that his proceedings were not taken under any of the provisions of the Code of Civil Procedure, but that a distinct action in equity was commenced, for the reason that the facts upon which it is based would not bring it within any of the provisions of the Code; that the various provisions of the Code relating to the vacating and modifying of judgments relate only to relief which may be sought by defendants who have been unfortunate, who were constructively or otherwise served with process, and who, by inadvertence or mistake, had not been permitted to appear and defend their cases. Their contention would

appear to be that the provisions of the Code do not contemplate void judgments, but only those which are voidable by reason of some fraud or irregularity, inadvertence or mistake, and that relief must be sought in some other proceeding, where a judgment absolutely void is to be vacated or annulled. We cannot concur with counsel in this contention. While we think that the provisions of the Code relating to vacating and modifying judgments do, in their general scope and purpose, apply to proceedings that are irregular and voidable, yet we think that a judgment absolutely void may be set aside, upon motion under the third subdivision of section 586, as having been irregularly obtained. The language of that subdivision is general, and applies to all judgments irregularly obtained; and a judgment obtained without service upon the defendant, either by personal service or publication, is irregularly obtained. Irregularity may consist in an omission or departure from the principles of "due process of law," as well as in an omission or departure from mere rules of procedure.

In *Insurance Co. v. Robbins*, 73 N. W. 269, the supreme court of Nebraska, in a case identical in almost every question with the one we are considering, on this point says: "While we think that the provisions of said section of the Code specially apply to voidable judgments, we do not doubt that one against whom a judgment has been rendered which is void for want of jurisdiction may have such· judgment set aside, under the third subdivision of said section of the Code, as having been irregularly obtained." If the judgment against Jones was absolutely void, a proceeding in equity to avoid it would

be nugatory; for there is nothing to annul, and there is no wrong against him to redress or relieve from. The garnishees would pay the sheriff at their peril. No right of Jones in the debts due him from the garnishees was foreclosed or in any wise affected by the void proceedings in the action against him. The garnishees, if their property was seized, could maintain replevin, and, to maintain the same, could show that the judgment and execution under which it was seized, were void, for the authorities are without conflict that the invalidity of a judgment may be shown whenever and wherever it is affirmatively sought to be enforced. So far as Jones is concerned, he stands where he did before the proceedings against him were commenced. No judgment has been rendered against him. The title to no property of his has been clouded. No debts due to him have been discharged. Therefore no cause of action exists to him. For the reasons stated, we are of the opinion that the court erred in overruling the objection to the introduction of evidence under the petition in this cause, and that the judgment should be reversed. Judgment reversed, and cause dismissed.

Burford, C. J., having presided in the court below, not sitting; all of the other Justices concurring.