# BAKER v. STONEBRAKER.

No. 1599. Opinion Filed February 6, 1912.

(121 Pac. 255.)

**JUDGMENT—Vacating—Grounds.** On February 4, 1910, nearly two years after motion for new trial had been overruled and judgment entered, from which no appeal was taken, a party filed his motion to vacate a judgment, setting up several reasons therefor. The judgment was not void, but was regular on its face, and dealt with a subject-matter over which the court had jurisdiction. It affirmatively appears, also, that it had jurisdiction of the persons of the parties. The motion to vacate was not supported by affidavit, no evidence was introduced in support of the same, and no reasons shown which would warrant the setting aside of said judgment. **Held,** that the court committed no error in denying the motion to vacate.

(Syllabus by Robertson, C.)

*Error from Creek County Court;*
*Josiah C. Davis, Judge.*

Action by H. M. Stonebraker against W. O. Baker, in replevin, to recover possession of specific personal property. Judg-

ment for plaintiff. From an order denying motion to vacate, defendant brings error. Affirmed.

*F. W. Jacobs,* for plaintiff in error.

*McDougal, Lattimore & Lytle,* for defendant in error.

Opinion by ROBERTSON, C. On January 21, 1908, the defendant in error, H. M. Stonebraker, began an action in replevin in the county court of Creek county against the plaintiff in error, W. O. Baker, to recover possession of two head of cattle of the value of $70. On February 1, 1908, Baker filed his answer to the petition in replevin, which was a general denial, and on February 13, 1908, the cause was tried to the court without a jury, and a judgment was entered in favor of Stonebraker for the possession of the said property and costs. On February 14, 1908, motion for new trial was made, and on February 15th same was overruled, argument of counsel being waived, and no exceptions being taken, although the court gave defendant 30 days in which to make and serve a case, which time was, by proper order, extended until March 23, 1908, when a case-made was filed in the office of the county court of said county, and was settled and signed by the court on the same day. The appeal was abandoned by Baker, and the case-made was never filed in the Supreme Court. Nothing further was done until January 28, 1910, when Stonebraker filed praecipe for execution. February 4, 1910, nearly two years after motion for new trial had been overruled, defendant filed motion to vacate the judgment so entered, as aforesaid, for the following reasons:

"First. That the court had no jurisdiction of the cause of action. Second. That the court had no jurisdiction of the person of the defendant. Third. That the said court had judicial notice that the said cause of action had been adjudicated in a court of competent jurisdiction in and for Creek county, state of Oklahoma. Fourth. That the petition or affidavit of the plaintiff does not state facts sufficient to constitute a cause of action."

The execution, pending determination of this motion, was recalled. Thereafter, on February 9, 1910, the motion to va-

cate was denied, and exceptions were allowed the defendant, and he was given 50 days in which to make and serve a case for this court. It is therefore apparent that the only question presented for the consideration of this court is the action of the trial court in denying defendant's motion to vacate the judgment, entered two years prior to the date of the said motion. The motion to vacate was not supported by affidavit, and the grounds thereof are as above stated. Counsel for plaintiff in error evidently proceeds on the theory that the judgment as entered was void, and that the same, therefore, can be vacated at any time on motion. Section 6101, Comp. Laws 1909, does provide: "* * * A void judgment may be vacated at any time on motion of a party or any person affected thereby." *Phoenix Bridge Co. v. Street*, 9 Okla. 422, 60 Pac. 221; *Anglea v. McMaster*, 17 Okla. 501, 87 Pac. 660.

Let us, therefore, examine the grounds relied upon for vacating the judgment, as set out in the motion, the first of which is, "The court had no jurisdiction of the cause of action." That the county court of Creek county had jurisdiction of the subject-matter of an action in replevin, in which the right of possession of two head of cattle of the value of $70 is involved, is so well settled that citation of authority seems wholly unnecessary. See section 12, art. 7, of the Constitution of Oklahoma, and sections 1977 and 1978, art. 5, Comp. Laws 1909; *Cooper v. Austin*, 30 Okla. 297, 119 Pac. 206.

The second ground of the motion is, "The court had no jurisdiction of the defendant." The record affirmatively shows that defendant appeared at all stages of the proceedings, both in person and by Mann, Jackson & Woodwell, his attorneys, and filed an answer and other pleadings, and contested the case throughout, and after judgment served notice of appeal, and did, in fact, make and serve a case-made for the Supreme Court, but, for reasons not apparent of record, abandoned the same. There was a general appearance by the defendant, and this is the first time any objection to the jurisdiction of the person of the defendant has been made; and we do not think counsel for de-

fendant seriously relies upon this ground of the motion, as no argument is made and no authorities cited in support thereof, and no reason is given in support of said ground of said motion.

The third ground of the motion is:

"That the said court had judicial notice that the said cause of action had been adjudicated in a court of competent jurisdiction in and for Creek county, state of Oklahoma."

There is nothing in this contention. The county court of Creek county, being a court of record, is not required to take judicial notice of judgments of justices of the peace, and, at any rate, in an action in replevin, the county court tries each case on the facts presented and the law applicable thereto; and there is nothing in the record before us that would warrant or authorize us in saying that the judgment of the justice of the peace, as complained of by counsel for plaintiff in error, acted in any way as a bar to the maintenance of the action of replevin in the county court. On the contrary, it has been frequently held by our courts that the statutory action of replevin is sufficiently flexible to authorize a settlement of all the equities of the property in controversy as between the parties. *McFayden v. Masters,* 11 Okla. 16, 66 Pac. 284.

The fourth and last ground of the motion is, "That the petition or affidavit of the plaintiff does not state facts sufficient to constitute a cause of action." An examination of the affidavit in replevin shows that it contains all the necessary statutory requirements, and is sufficient in every particular. No objections of any kind were made to it in the court below, and none in this court, save the fourth ground of the motion hereinabove set out, which is not supported by citation of authority or argument of counsel. In this case the court made special findings of fact, upon which judgment was entered. The judgment is full and complete, and the court, having jurisdiction of the subject-matter and of the person of the parties, was authorized by law to render such a judgment as was entered in this case. We take it that the true rule in cases of this character is that a motion to vacate is only proper when the defect or failure of jurisdiction appears

upon the face of the record.   No such defect or want of juris-
diction appears upon the face of the record before us.   The de-
fendant had an opportunity to correct any errors occurring at
the trial, but abandoned the same for reasons best known to
himself.   He will not be permitted now to take advantage of
his own neglect, and try this case on its merits, by motion to
vacate judgment, after a lapse of two years time.

Finding no error in the record, the judgment of the county
court of Creek county should be affirmed.

By the Court:   It is so ordered.