**FROST et al. v. AKIN, Sheriff, et al.**

No. 7241. Opinion Filed July 11, 1916.

Rehearing Denied Sept. 8, 1916.

(159 Pac. 752.)

**Judgment — Vacation — Equity — Adequate Remedy at Law.**

Where the enforcement of an alleged void judgment is sought to be enjoined, and it appears from the petition that the plaintiff had an adequate and complete remedy at law by proceeding to vacate such judgment, and that he had not availed himself of such remedy at law, and had not been unavoidably deprived of such remedy, it is not error for the court to sustain a demurrer to the petition and deny the injunction.

(Syllabus by Rummons, C.)

Error from District Court, Blaine County; James R. Tolbert, judge.

Action by E. M. Frost and others against Lee A. Akin and another. Judgment for defendants. Plaintiffs bring error. Affirmed.

Hainer, Burns & Toney, for plaintiffs in error.

Seymour Foose and R. C. Brown, for defendants in error.

Opinion by RUMMONS, C. Plaintiffs in error, plaintiffs below, commenced this action in the district court of Blaine county, to enjoin the collection of a judgment rendered against plaintiffs, E. M. Frost, as adminis-

trator of the estate of Wm. A. Frost, deceased, and Myrtle Rogers, then Myrtle Frost, and others, in an action by school district No. 71 of Blaine county, upon the official bond of one J. O. Frost, as treasurer of said school district. The school district was joined with the sheriff as a defendant. The defendants demurred to the petition of plaintiffs, which demurrer was sustained by the court, and the temporary injunction theretofore granted vacated and dissolved. Plaintiffs, electing to stand upon their petition, bring this proceeding in error to reverse the judgment of the trial court.

It is contended by plaintiffs that the judgment, the execution of which they sought to restrain by injunction in this action, was void as to them, and that therefore they were entitled to invoke the aid of a court of equity to restrain its enforcement. On the other hand, it is contended by the defendants that the plaintiffs had a plain, adequate remedy at law, and therefore that action for injunction would not lie. We feel convinced that the plaintiffs had a complete and adequate remedy at law against this judgment, even if it were void, by proceeding under sections 5267, 5268, 5269, 5270, 5272, 5275, Revised Laws 1910, in the original action to set aside and vacate said judgment. An apparently unbroken line of decisions in this state is to the effect that a party against whom a void judgment has been rendered has a complete adequate remedy at law against the same under the provisions of the Code empowering the district court to vacate and modify its judgments at or after the term at which said judgments were entered. Hockaday v. Jones, 8 Okla. 156, 56 Pac. 1054; Bilby v. Stuart, 39 Okla. 451, 135 Pac. 931; Harris v. Smiley, 36 Okla. 89, 128 Pac. 276; Choi v. Turk, 55 Okla. 499, 154 Pac. 1000. In Crist v. Cosby, 11 Okla. 635, 69 Pac. 885, the territorial Supreme Court held:

"If property is wrongfully levied upon, the party interested must proceed in the court from which the execution issued to have the levy discharged, and cannot obtain the desired relief by injunction in a separate action. * * * A party claiming an interest in property levied upon under an execution has an adequate remedy at law, by way of motion, to have the property released from the levy."

Under these authorities it is clear that the plaintiffs had a complete and adequate remedy at law against the judgment complained of, and against the execution sought to be enjoined, by giving bond provided for in section 5272, Revised Laws 1910, and proceeding in the original case to make application to vacate the judgment in the district court. As the petition does not show that plaintiffs had no complete and adequate remedy at law, the trial court did not err in sustaining the demurrer of defendants, and its judgment should be affirmed.

By the Court: It is so ordered.