## GEORGE v. KINARD.

No. 10361—Opinion Filed Dec. 6, 1921.

(Syllabus.)

### Judgment — Grounds for Vacation — Want of Service of Process.

Relief based on extrinsic evidence may be had against a judgment rendered without service of process under the third subdivision of section 5267, Rev. Laws 1910, empowering the court to vacate or modify its own judgments or orders at or after the term at which such judgment or order was made on account of "irregularity in obtaining the judgment or order," but if the judgment or order sought to be vacated is valid on its face, and it be necessary to resort to extrinsic evidence to show the invalidity thereof for want of service of process, the motion to vacate

must be presented within three years following the rendition of the judgment or order, as provided for in section 5274, Rev. Laws 1910.

Error from District Court, Pottawatomie County; Chas. B. Wilson, Jr., Judge.

Motion by John P. Kinard to vacate judgment in partition suit, Edward George intervening. Motion sustained, and intervener brings error. Reversed and remanded.

T. G. Cutlip, for plaintiff in error.

Iris C. Saunders, for defendant in error.

NICHOLSON, J. This is a partition suit brought in the district court of the territory of Oklahoma, within and for Pottawatomie county, on September 11, 1905, by Clara E. Rose and others, as plaintiffs, against John P. Kinard, as defendant. The petition alleged that the plaintiffs and defendant were the children and sole heirs of Armetta J. Kinard, deceased, who died seised of the land in the petition described, and prayed for a partition of said land, and that in case partition could not be had in kind, that the same be sold and the proceeds of the sale be divided between the plaintiffs and said defendant.

Summons was duly issued on September 11, 1905, returnable on September 21, 1905, and the sheriff's return shows that said summons was served on the 14th day of September, 1905, by leaving a true copy thereof with all indorsements thereon at the usual place of residence of the defendant. The defendant was required to answer on or before the 12th day of October, 1905; on October 13, 1905, the defendant having failed to answer, judgment was rendered against him by default. The journal entry recites that John P. Kinard had been personally served with summons in said cause for more than 20 days prior to that date, but had failed to plead said cause. Partition was decreed and appraisers appointed. The appraisers filed their report, showing that the land could not be partitioned without loss and detriment, and fixed the value of said land at $1,500. The court by decree confirmed the report of said appraisers, and ordered the land sold by the sheriff of said county as upon execution. The sale was duly advertised, and at said sale Edward George, plaintiff in error, became the purchaser of said land for the sum of $1,525, which sale was by the court confirmed on the 16th day of March, 1906, and sheriff's deed duly executed to said purchaser. On June 5, 1916, the defendant filed in said cause his special appearance and motion to vacate and set

aside said judgment. Two amendments to this motion were filed, the last on July 17, 1918. The gist of this motion was that service of summons was not had upon him, and he was not a resident of Pottawatomie county at the time of the proposed service of summons upon him. On February 6, 1918, the plaintiff in error filed his petition in intervention, pleading the judgment and sale thereunder, and also that the plaintiffs and defendant had received the purchase price paid by him for said land; that no part of said purchase price had been paid or tendered to him and that they and each of them were estopped from claiming any right, title, or interest in or to said lands, and praying that said John P. Kinard be denied any relief, and that the title to said land be quieted in said intervener. The court made findings of fact and conclusions of law as follows:

"Upon request of counsel for the intervener, George, the court makes this finding of fact:

"That at the time of the service of the summons in question the defendant, John P. Kinard, was an unmarried man over the age of 21 years. That during the greater part of the year 1904 he had not actually maintained the place at which summons was left as a place where he ate and slept and usually resorted to when not engaged in labor or business elsewhere, but that during the greater part of the year 1904, he was employed by a neighbor, one Parker, as a farm hand and slept and ate at the residence of said Parker. That during about two months of that year he was sick and during the period of his sickness stayed at the residence of one Stell in the city of Shawnee; that at times during that year and after his recovery from his sickness he spent some of his time at a place leased by him in the northern part of Pottawatomie county, not the place at which service was made; that during the year 1904, this place was leased and rented out to said Parker.

"That during the spring and early summer months of 1905, the defendant put out and cultivated a crop on the premises on which the service or purported service was made, but that after about the month of July of said year he did not actually stay on said premises or any part thereof, but that during all times after some time in the month of July, he stayed elsewhere, took his meals elsewhere and slept elsewhere; that he left his bed and bedding at the house on the premises on which the purported service was made, but at no time after some time in the month of July did he occupy it as a place of abode.

"The court further finds as a matter of fact that after the said time in the month of July when he abandoned the place as a place of actual abode, he did retain said premises as his legal residence to which he would probably have resorted had he not been engaged elsewhere; that he was engaged elsewhere and actually abiding elsewhere at the time of the purported service of summons in this case.

"The court further finds that there were no members of his family abiding at the place with whom the summons could have been left. The court finds that the summons in this case was delivered to the sheriff of Pottawatomie county and was by the sheriff placed in the hands of one C. E. Francis for service; that the said C. E. Francis went to the premises in question and attempted to serve the same by leaving it with some person unknown to the court on said premises, but the court finds that said person was not a member of defendant's family, and the court further finds that service was not actually made by leaving a copy of the summons personally with the defendant John P. Kinard.

"The court finds that the defendant, John P. Kinard, did not at the time have any personal knowledge of the fact of the pendency of the suit, nor of the fact that attempted service was made on the premises, but finds that at the time of the service and at the time of the rendition of the judgment complained of the defendant was a resident citizen of Pottawatomie county, and was personally abiding in Pottawatomie county at some place other than the place at which service was attempted to be made. and that the place at which service was attempted to be made was at the time of the service the legal residence of the defendant. John P. Kinard, or the place to which he would have resorted had he not been engaged in employment or business elsewhere.

"The court finds from the evidence in the case. that the deputy sheriff who attempted to make service of summons indorsed thereon the following:

" 'I received this summons on the 11th day of Sep. 1905 at ————o'clock—M., and executed the same in my county by leaving a true copy of the within summons with all the indorsements thereon at the usual place of residence of John P. Kinard on the 14 day of Sep., 1905.

" 'By W. A. Grace, Sheriff.
" 'By C. E. Francis, Deputy.'

"And the court further finds that such attempt to make the service as the deputy did make was made on the 14th day of September. 1905, and before the return day of the summons.

"The court finds from these facts, as a conclusion of law, that the attempted service was not a legal service of the summons and the judgment of the court, by reason of the foregoing findings of fact and conclusions of law, is that the judgment, as against John P. Kinard, should be vacated and set aside"

—and made and entered an order vacating said judgment and all proceedings had thereunder, to reverse which this proceeding in error is instituted.

The record contains the journal entry of the judgment rendered on October 13, 1905, which recites that "the defendant John P. Kinard has been personally served with the summons in this cause more than 20 days prior to this date," and the sheriff's return to the summons is as follows:

"I received this summons on the 11 day of Sep. 1905 at ——o'clock—M., and executed the same in my county by leaving a true copy of the within summons with all the indorsements thereon at the usual place of residence of John P. Kinard on the 14 day of Sep. 1905."

The Statutes of Oklahoma of 1903, in force at the time, provided:

"(4264) Sec. 66. The service shall be by delivering a copy of the summons to the defendant personally or by leaving one at his usual place of residence, at any time before the return day."

The sheriff's return shows that service of summons was made as required by the statute, therefore the judgment roll shows the judgment to be valid on its face, and, in fact, it is not claimed that the judgment is void upon its face, but the defendant relies upon evidence dehors the record to show the invalidity thereof. Section (4760) 562, Statutes of Oklahoma of 1903, is identical with section 5267, Rev. Laws 1910, and by these provisions the court is empowered to vacate or modify its own judgments and orders, at or after the term at which such judgment or order was made, but under the provisions of section 5274, Rev. Laws 1910, which is identical with (4767) 569 of the Statutes of 1903, the proceedings to vacate or modify the judgment or order, if on the ground of irregularity in obtaining the same, must have been commenced within three years, and if upon the ground of unavoidable casualty or misfortune preventing the party from prosecuting or defending, must have been commenced within two years after the judgment was rendered or order made, and as the defendant did not proceed against the judgment with-

in the time prescribed, but allowed more than ten years to elapse before he moved against the judgment, he cannot now be heard to attack the same in the manner attempted. This case falls squarely within the rule announced in the case of Pettis v. Johnston, 78 Okla. 277, 190 Pac. 681, wherein the court says:

"Without undertaking to harmonize the decisions of this court, the conflict being more apparent than real, we now lay down the following as the correct rules in this state, to wit:

"Relief based on evidence dehors the record may be had against a judgment rendered without service of process, under the third subdivision of section 5267, Rev. Laws 1910, empowering the court to vacate or modify its own judgments or orders at or after the term at which such judgment or order was made, on account of 'irregularity in obtaining a judgment or order.' Such motion, under section 5274, Rev. Laws 1910, must be presented within three years after the rendition of the judgment or order. Canadian & A. Mortg. & Tr. Co. v. Clarita Land & Inv. Co., 140 Cal. 672, 74 Pac. 301; People ex rel. v. Temple, 103 Cal. 447, 37 Pac. 414; Scott v. Hanford, 37 Wash. 5, 79 Pac. 481; Kohn v. Haas, 95 Ala. 478, 12 South. 577; State v. District Court, 38 Mont. 166, 99 Pac. 291, 35 L. R. A. (N. S.) 1098, 129 Am. St. Rep. 636; Johnson v. Johnson, 40 Ala. 247; Wheatland Grain & Lumber Co. v. Dowden, 26 Okla. 441, 110 Pac. 898; Nicoll v. Midland Sav. & Loan Co., 21 Okla. 591, 96 Pac. 744; Baker v. Stonebreaker, 32 Okla. 88, 121 Pac. 255; Richardson v. Howard, 51 Okla. 240, 151 Pac. 887; Frost v. Akin, 60 Okla. 174, 159 Pac. 752; Harding v. Gillett, 25 Okla. 199, 107 Pac. 665; Ozark Marble Co. v. Still, 24 Okla. 559, 103 Pac. 586; Hockaday v. Jones, 8 Okla. 156, 56 Pac. 1054; Dane v. Daniel, 28 Wash. 155, 68 Pac. 446; Hanson v. Wolcott, 19 Kan. 207; Leforce v. Haynes, 25 Okla. 190, 105 Pac. 644; First National Bank v. Grimes Dry Goods Co., 45 Kan. 510, 26 Pac. 56. If it be necessary to resort to extrinsic evidence to show the invalidity of a judgment, the motion to vacate must be presented within three years following the rendition of the judgment or order, otherwise every judgment valid upon the face of the record will depend for its perpetuity upon the frail memory of man. We refuse to follow those cases apparently holding that a judgment rendered without service of process, though valid on its face, may be vacated at any time upon motion. Those cases fail to distinguish between judgments valid on their face and those void on their face. See Edwards v. Smith, 42 Okla. 544, 142 Pac. 302, correctly holding that 'a judgment is not void in the legal sense for want of jurisdiction, unless its invalidity and want of jurisdiction appear on the record; it is voidable merely.'"

The rule there announced is in harmony with the weight of authority and we adhere thereto.

The judgment of the trial court is reversed, and the cause remanded, with directions to overrule the defendant's motion to vacate the judgment rendered on October 13, 1905.

HARRISON, C. J., and PITCHFORD, McNEILL, and ELTING, JJ., concur.