Note.—See under (1) 34 Cyc. p. 1582; 23 R. C. L. p. 895. (2) 34 Cyc. p. 1576 (3) 38 Cyc. p. 1574; 26 R. C. L. p. 1073: 4 R. C. L. Supp. p. 1696; 5 R. C. L. p. 1438.

---

## CROWTHER v. SCHOONOVER.

No. 17863. Opinion Filed Feb. 21, 1928.

Rehearing Denied May 8, 1928.

(Syllabus.)

**1. Judgment—Right to Vacate Void Judgment at Any Time on Motion.**

The provision of the statute that void judgment may be vacated at any time on motion applies only when the invalidity of the judgment appears on the face of the judgment roll.

**2. Same—Motion to Vacate Required Within Three Years Where Extrinsic Evidence Necessary.**

If it be necessary to resort to extrinsic evidence to show the invalidity of a judgment, the motion to vacate must be presented within three years following the rendition of the judgment or order as provided for in section 817, Comp. St. 1921. B-R Electric & Telephone Mfg. Co. v. Town of Wewoka, 113 Okla. 225, 239 Pac. 919.

**3. Divorce—Attack on Judgment for Defective Service by Publication not Shown on Face of Record—Statute.**

Where service is obtained by publication, and the judgment recites "that said service of summons by publication has been legally and duly made," and there is nothing on the face of the record to show irregularity of the service, an attack on the judgment as being void because of failure to make and file affidavit as required by section 252, C. O. S. 1921, can only be made under the third subdivision of section 810, C. O. S. 1921. Woodley v. McKee, 101 Okla. 120, 223 Pac. 346.

Commissioners' Opinion, Division No. 2.

Error from District Court, Osage County; Jesse J. Worten, Judge.

Motion by Eugene Crowther to vacate decree of divorce granted to his wife, since deceased; Grover C. Schoonover. the second husband, contesting the motion. From an

order overruling defendant's motion to vacate the decree granting a divorce, defendant appeals. Affirmed.

H. P. White, for plaintiff in error.

E. H. Mattingly and Leahy, MacDonald & Files, for defendant in error.

HERR, C. This is an appeal by plaintiff in error from an order of the district court of Osage county overruling his motion to vacate a decree of divorce granted his wife on the 17th day of August, 1916.

Sometime after obtaining her divorce, Mrs. Crowther was married to the defendant in error, Grover C. Schoonover. After such marriage and prior to the filing of the motion to vacate, Mrs. Schoonover, formerly wife of plaintiff in error, died. There was a child born of the first marriage, and it appears to be the purpose of this proceeding to prevent the defendant in error from participating in the distribution of the estate of Mrs. Schoonover.

The motion to vacate was filed September 4, 1925, and notice thereof given and served on defendant in error and the guardian of the minor child of the Crowthers. The defendant in error appeared and contested the motion.

The only service had on the plaintiff in error in the divorce proceeding was notice by publication. It is contended that the decree is void for the reason that plaintiff in error was a resident of this state at the time the notice was published and the decree granted.

It is urged, the decree being void, it may, under the statute, be vacated at any time on motion. This court, however, has repeatedly held that the statute providing that a void judgment may be vacated at any time on motion can only be invoked when the invalidity of the judgment appears from an inspection of the judgment roll, and that, if it be necessary to resort to extrinsic evidence to show such invalidity, the procedure, as provided by section 817, C. O. S. 1921, must be followed. Edwards v. Smith, 42 Okla. 545, 142 Pac. 302; Pettis v. Johnston, 78 Okla. 277, 190 Pac. 681; George v. Kinnard, 84 Okla. 95. 202 Pac. 503; Good v'. First National Bank, 88 Okla. 110. 211 Pac. 1055; B-R Electric & Telephone Mfg. Co. v. Town of Wewoka, 113 Okla. 225, 239 Pac. 919. In the last above cited case it is said:

"If it be necessary to resort to extrinsic evidence to show the invalidity of a judgment. the motion to vacate must be presented within three years following the rendition of the judgment or order as provided for in section 817, Comp. St. 1921."

Under the above authorities, plaintiff in error should have proceeded within three years, if he desired to vacate the judgment upon the grounds set forth in his motion. Not having done so, his motion comes too late.

Plaintiff in error establishes by his own testimony that he received actual knowledge of the divorce in the summer of 1918. The decree was granted August 17, 1916, so it will be seen that he had ample time, after receiving actual notice, to have acted within the three-year period provided by the statute.

The authorities cited by plaintiff in error to sustain his contention have been disapproved by this court in the case of Pettis v. Johnston, supra, wherein it is said:

"This court declines to follow or adhere to those decisions holding that a judgment valid on its face, rendered without service of process or appearance of defendant, may be vacated at any time on motion."

It is further contended that there was no proof in the divorce action that copy of the petition and publication notice was mailed plaintiff in error as provided by statute, nor is it shown that an affidavit was filed showing that his place of residence was unknown, and that the judgment is, for this reason, void.

The decree recites that proper service by publication was had. This alleged irregularity does not appear on the face of the record. If the decree is to be assailed for this reason, it should be done as provided by subdivision 3, section 810, C. O. S. 1921. Woodley v. McKee, 101 Okla. 120, 223 Pac. 346.

It appears from the record that, at the hearing on this motion, the parties were unable to produce the entire record in the divorce proceedings constituting the judgment roll, the papers being lost. the appearance docket and decree being the only records produced. Had the entire judgment roll been available, the situation would have been the same; the defects complained of would not appear on the face thereof, and plaintiff in error would still be compelled to resort to extrinsic evidence to establish his grounds of complaint. This, of course, under authorities cited, he could only do within the three-year period provided for by the statute.

Complaint is also made that the appearance docket fails to show the filing of the

necessary affidavit to obtain service by publication. The docket, however, shows the filing of the petition and the filing of an affidavit. The decree recites that proper service by publication was had. This is sufficient to uphold the decree under the attack here made.

Judgment should be affirmed.

BENNETT, LEACH, JEFFREY, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 34 C. J. p. 257, §486; 15 R. C. L. p. 692; 3 R. C. L. Supp. p. 486; 4 R. C. L. Supp. p. 1017. (2, 3) 34 C. J. p. 258, §487.