## ROUBEDEAUX et al. v. GIVENS.

No. 18729.  Opinion Filed July 8, 1930.

Rehearing Denied Oct. 21, 1930.

Streeter Speakman, J. T. Smith, J. J. Mars, Davis & Frazier, and Wilkinson & Smith, for plaintiffs in error.

John R. Miller and R. E. Stephenson, for defendant in error.

LESTER, V. C. J. This is an appeal from the order and judgment of the district court vacating and setting aside a certain default judgment rendered on the 21st day of December, 1922.

It appears that Lusanna Givens, on the 6th day of January, 1920, filed a petition in the district court of Creek county in which she set up certain misconduct of the defendant and prayed for a decree of divorce from the defendant. Summons was issued on this petition on the date of its filing. On the 20th day of January, 1920, summons thereon was returned showing the defendant could not be found. An alias summons was issued on the 29th day of March, 1920, and on the 7th day of April, 1920, the last-mentioned summons was returned showing that the defendant was duly served with the same on the 5th day of April, 1920.

No further action was had on the matter until August 2, 1922. At which time the plaintiff filed what she termed "petition for divorce," and on the same date she filed what she termed "amended and supplemental petition for divorce."

On the 7th day of August, 1922, a praecipe for an alias summons was filed with the court clerk in said cause and on the said date the alias summons was issued to the defendant, John Givens, returnable on or before the 17th day of August, 1922.

On August 24, 1922, return was had on said summons, which return is the subject of much debate in the case.

On the 21st day of December, 1922, a default judgment was entered in said cause in which the plaintiff, Lusanna Givens, was granted an absolute divorce from her husband, John Givens.

On June 3, 1927, John Givens filed in the same case certain pleadings which were termed "notice of application to set aside

judgment and special appearance of John Givens and motion to set aside void ·judgment in the case of Givens v. Givens, No. 8010."

It was alleged in said motion that at the time the original petition of plaintiff was filed, to wit, on the 6th day of January, 1920, the plaintiff and the defendant were then living together as husband and wife and that neither the plaintiff nor the defendant was aware of the filing of said action and that no action was taken by the plaintiff on the petition filed January 6, 1920; that at the time of the filing of the petition and supplemental petition by the plaintiff on August 2, 1922, the plaintiff then and there alleged:

"Comes now the plaintiff and for her cause of action against the defendant says that since the filing of her original petition in this action, and no service had, or answer made thereto," etc.

Defendant also alleged in his motion that he was never served by any summons or notice of plaintiff's petition and amended petition which were filed August 2, 1922; that the petition of August 2, 1922, set forth grounds for divorce occurring long subsequent to the petition filed January 6, 1920; that the filing of said petition of the 2nd day of August, 1922, was an abandonment of the action filed January 6, 1920.

It was alleged by the movant, John Givens, that his wife died on April 15, 1927; that on account of the void judgment, the same nevertheless constituted a cloud upon his interest in the lands owned by his wife at the time of her death.

Upon judgment being rendered in favor of the movant, the respondents to said motion have perfected an appeal to this court and present several propositions of law.

The default judgment herein referred to recites in part:

"And it appearing to the court that said defendant has been duly notified more than 20 days prior· to this date of service of summons on the 16th day of August, 1922, and the court having heard the evidence and oral testimony offered in open court, and being fully advised in the premises, finds on due· consideration, that the averments of plaintiff's petition are true as therein set forth."

It thus clearly appears that the court took jurisdiction of the cause and rendered judgment by reason of the alleged service of summons on the defendant on the 16th day of August, 1922.

The sheriff's return on the last-named service is as follows:

"I received this summons on the 7th day of August, 1922, at ___ o'clock ___ m., and executed the same in my county by delivering a true and certified copy of the within summons with all the indorsements thereon to _____ On the 16th day of August, 1922, John Givens.

"D. B. Livingston,
"Sheriff of Creek County, Oklahoma.
"By (Sgd) C. C. Collins, Deputy."

The indorsement on the said summons is as follows:

"Lusanna Givens, Plaintiff, v. John Givens, Defendant.

———

"Sheriff's fees:
"Serving summons, first person, $_____
"Not found _____ .05
"__cop__ of summons _____$_____
"Mileage, 64 miles _____$  6.40
                    "Total_____$  6.45.

"D. B. Livingston, Sheriff of Creek County, Oklahoma.
"By (Sgd) C. C. Collins, Under Sheriff."

John Givens, the movant, testified that he had no knowledge of the last-named action and that no service of summons was ever had on him.

C. C. Collins, the deputy who made the return of summons, testified that he did not serve the defendant, John Givens.

In the case of Pettis v. Johnston, 78 Okla. 277, 190 Pac. 681, this court said:

"Without undertaking to harmonize the decisions of this court, the conflict being more apparent than real, we now lay down the following as the correct rules in this state, to wit:

"Relief based on evidence de hors the record may be had against a judgment rendered without service of process, under the third subdivision of section 5267, R. L. 1910, empowering the court to vacate or modify its own judgments or orders at or after the term at which such judgment or order was made, on account of 'Irregularity in obtaining a judgment or order.' Such motion, under section 5274, R. L. 1910, must be presented within three years after the rendition of the judgment or order. Canadian & A. Mortg. & Trust Co. v. Clarita Land & Inv. Co., 140 Cal. 672, 74 Pac. 301; People ex rel. v. Temple, 103 Cal. 447, 37 Pac. 414; Scott v. Hanford, 37 Wash. 5, 79 Pac. 481; Kohn v. Haas, 95 Ala. 478, 12 South. 577; State v. District Court, 38 Mont. 166, 99 Pac. 291, 35 L. R. A. (N. S.) 1098, 129 Am. St. Rep. 636; Johnson v. Johnson, 40 Ala. 247; Wheatland Grain & Lumber Co. v. Dowden, 26 Okla. 441, 110 Pac. 898; Nicoll v. Midland Sav. & Loan Co., 21 Okla.

591, 96 Pac. 744; Baker v. Stonebraker, 32 Okla. 88, 121 Pac. 255; Richardson v. Howard, 51 Okla. 240, 151 Pac. 887; Frost v. Akin, 60 Okla. 174, 159 Pac. 752; Hardin v. Gillett, 25 Okla. 199, 107 Pac. 665; Ozark Marble Co. v. Still, 24 Okla. 559, 103 Pac. 586; Hockaday v. Jones, 8 Okla. 156, 56 Pac. 1054; Dane v. Daniel, 28 Wash. 155, 68 Pac. 446; Hanson v. Wolcott, 19 Kan. 207; LeForce v. Haynes, 25 Okla. 190, 105 Pac. 644; First Nat. Bank v. Grimes Dry Goods Co., 45 Kan. 510, 26 Pac. 56. If it be necessary to resort to extrinsic evidence to show the invalidity of a judgment, the motion to vacate must be presented within the three years following the rendition of the judgment or order, otherwise every judgment valid upon the face of the record will depend for its perpetuity upon the frail memory of man. We refuse to follow those cases apparently holding that a judgment rendered without service of process, though valid on its face, may be vacated at any time upon motion. Those cases fail to distinguish between judgments valid on their face and those void on their face. See Edwards v. Smith, 42 Okla. 544, 142 Pac. 302, correctly holding that 'a judgment is not void in the legal sense for want of jurisdiction, unless its invalidity and want of jurisdiction appear on the record; it is voidable merely'."

The rule laid down above has been followed by this court in the case of B-R Electric & Tel. Mfg. Co. v. Town of Wewoka, 113 Okla. 225, 239 Pac. 919. In the second paragraph of the syllabus in that case it is said:

"If it be necessary to resort to extrinsic evidence to show the invalidity of a judgment, the motion to vacate must be presented within three years following the rendition of the judgment or order, as provided for in section 817, C. O. S. 1921."

We think the rules governing the vacation of judgments should become standardized and permanently fixed, to the end that judgments may not be disturbed by varying rules, and we again approve the rule as laid down in the case of Pettis v. Johnston, supra, and hold that unless a judgment appears void on its face or from the judgment roll its invalidity must be made to appear by a motion within three years after its rendition. The motion to set aside the judgment in this case was made after three years had expired, and the judgment not being void on its face nor from the judgment roll, thereby requiring evidence de hors the record, under the former holdings of the court, came too late.

The judgment of the district court is reversed, with directions to dismiss the motion of the movant.

MASON, C. J., and CLARK, HEFNER, CULLISON, and SWINDALL, JJ., concur. HUNT, RILEY, and ANDREWS, JJ., absent.

Note.—See under (1) 15 R. C. L. p. 692; R. C. L. Perm. Supp. p. 3979; Continuing Perm. Supp. p. 629.