NATIONAL VALVE & MFG. CO. v. WRIGHT et al.

No. 34109.   Dec. 26, 1951.

240 P. 2d 766.

Pierce, Rucker, Mock, Tabor & Duncan, Tulsa, for plaintiff in error.

Leo J. Williams, Roy F. Ford, and Charles D. Crandall, Oklahoma City, for defendant in error Hasbrouck S. Wright, Adm'r of Estate of L. L. (Roy) Conner, Deceased.

BINGAMAN, J.   This is an appeal by National Valve & Manufacturing Company, a corporation, from an order of the district court of Tulsa county, setting aside a compromise and settlement of a death case in which Hasbrouck S. Wright, administrator of the estate of L. L. (Roy) Conner, deceased, was plaintiff, and National Valve & Manufacturing Company, Public Service Company of Oklahoma, and W. R. Grimshaw Company, a copartnership, were defendants. The judgment was entered by the district court upon a compromise or settlement agreement made by the attorneys representing the administrator, and the widow of the deceased, who is one of the beneficiaries, with the defendants, without the knowledge or consent of the administrator. This settlement was approved by the trial court. The administrator and the widow refused to accept the money when it was tendered, and thereafter other attorneys were employed by the administrator and a motion to vacate the judgment so rendered, filed by them, was sustained by the trial court. The widow and two adult children were all the parties entitled to participate in the recovery, if any, and the widow testified that she had consulted them and they had agreed that she could settle the matter if she so desired.

Plaintiff in error contends that the widow was the real party in interest and therefore could compromise and settle the claim regardless of the wishes of the administrator, the administrator being in reality only her agent for the purpose of bringing the action. We are unable to agree with this contention. Plaintiff in error cites in support of this contention, Sparks v. Gallagher, 114 Okla. 103, 243 P. 228; Kannel v. Kennedy, 94 Fed. 2d 487, and similar cases, and asserts that any contract made by the widow would be res adjudicata as to the administrator under the authorities cited. We do not consider these authorities applicable, as

in our judgment they do not touch the question presented.

By 12 O. S. 1941 §1053, an action for wrongful death is required to be brought by the personal representative, and by section 1054, the widow is authorized to bring the action if no personal representative has been appointed. In the instant case the administrator had been appointed, and while he was a resident of the State of Pennsylvania, and the reason for his appointment was to prevent the removal of the case to the Federal Court, he was nevertheless vested with all the powers of an administrator, and, under the statutes governing the conduct of such cases, when the action was brought by him he was vested with full authority to prosecute the same as in his judgment seemed best, and no settlement could be effected therein by the widow without his knowledge and consent.

In 16 Am. Jur. p. 108, §160, it is stated that the settlement of a cause for wrongful death by one entitled to receive the damages therefor is ineffectual if made after the personal representative has begun an action to recover the damages.

In Yelton v. Evansville & I. R. Co. (Ind.) 33 N. E. 629, the Supreme Court of Indiana considered the identical question here presented. After pointing out that the damages recovered were for the exclusive benefit of the widow, the sole beneficiary in that case, but that the action could be prosecuted only by the administrator, the court said:

"This being true, if the widow can compromise the cause of action and release the damages so as to terminate the suit, it places the administrator in the anomalous position of having the sole right to prosecute the action, and yet gives to the widow, or widow and children, if there be children, the right to compromise the action outside of court, and cancel the claim for damages upon which the action is based. While it would give to the administrator the sole right to prosecute the action, yet he would not have the sole right to control the prosecution of the action once commenced. It would seem that the law which authorizes a person to prosecute an action would give to him by necessary implication the right to control such prosecution, and not permit one, not a party to the action, and having no right to be a party to the action, the right to compromise the action. While actions under this section of the statute are prosecuted for the benefit of, and the damages inure to the exclusive benefit of, the widow and children of the deceased, yet it contemplates the collection of the damages by the administrator, and turning the same over to the widow and children on final settlement. The fund is evidently chargeable with the necessary expense incurred by the administrator in payment for his services, and attorneys' fees, and expense of administration."

A number of authorities are cited in the opinion in support of the above statement. In Hurley v. Hurley, 191 Okla. 194, 127 P. 2d 147, we cited the Yelton case in support of the statement that the attorneys' fee and necessary expense of collection should be paid out of the sum recovered by the administrator.

The rule announced by the above authorities is applicable here. When the Legislature, upon the appointment of an administrator in such case, vested the cause of action in him and gave him, and him only, authority to bring and maintain the action, it thereby took from the beneficiaries, who are entitled to receive the judgment recovered, any right to control, settle or otherwise dispose of the action, and gave to the administrator alone the full right of control. We hold that the widow was without power or authority to enter into the settlement in this case, and that such settlement was not effective for any purpose unless agreed to or concurred in by the administrator.

It is further urged that the attorneys for the administrator had power to effect the settlement regardless of the fact that the administrator was not consulted and his agreement thereto procured. This contention is likewise

untenable. In the instant case the contract of employment between the attorneys and the administrator expressly provided that neither of the parties to the contract could settle or compromise the claim without the written consent of the other parties, or without all parties being present and agreeing thereto. It is conceded that the administrator was not present when the compromise was made, and that he at no time agreed thereto.

We have heretofore held that an attorney at law is without authority to compromise an action pending without being specifically authorized by his client to do so. Scott v. Moore, 52 Okla. 200, 152 P. 823; Incorporated Town of Wainwright v. Eureka Fire Hose Manufacturing Co., 92 Okla. 75, 218 P. 306; Bush v. Missouri State Life Ins. Co., 98 Okla. 110, 224 P. 331; and Turner v. Fleming, 37 Okla. 75, 130 P. 551. The rule announced in these cases is applicable and controlling here.

It is next contended that the judgment could not be vacated upon motion for the reason that such was not the proper procedure under 12 O. S. 1941 §1031, and for the further reason that the motion was filed after the expiration of the term at which the judgment was rendered. Plaintiff asserts that the proceeding was under the third subdivision of sec. 1031, for irregularity in obtaining the judgment, and that the proper procedure to vacate it was followed. We agree. From the record it appears that the trial court at the time he rendered judgment assumed that the attorneys for the plaintiff were making the compromise and settlement with plaintiff's knowledge and approval, or that they had the authority to do so. We think this constituted an irregularity in obtaining the judgment. In Wilmarth v. Helton, 182 Okla. 351, 77 P. 2d 714, we held that an order based upon a sheriff's return of sale alleged to be false, in that the sale was not conducted in accordance with the notice thereof and as stated in the return, constituted an irregularity and could be attacked under the third subdivision of sec. 1031. In Crowther v. Schoonover, 130 Okla. 249, 266 P. 777, we held that where nothing in the judgment roll showed any irregularity in the service, an attack on the judgment as being void because of failure to make and file an affidavit showing that the defendant's place of residence was unknown was an irregularity and could properly be raised by motion. Other similar cases are Roubedeaux v. Givens, 145 Okla. 221, 292 P. 343, and Le Roi Co. v. Grimes, 193 Okla. 430, 144 P. 2d 973. The method pursued in procuring the vacation of the judgment in the instant case was in our judgment proper.

Affirmed.

ARNOLD, C. J., HALLEY, V. C. J., and DAVISON, JOHNSON, and O'-NEAL, JJ., concur. WELCH, J., concurs in conclusion. CORN, J., dissents.

WELCH, J. (concurring specially in result). Under the circumstances here shown I do not agree that this administrator plaintiff had such exclusive control over the action after trial thereof had commenced as is implied by the majority opinion. I think when the administrator commences such an action and prosecutes it to trial and permits the trial to be commenced and conducted by his attorneys and by the real parties in interest, while he himself remains away, and for the purpose of the trial he is legally present by such representation and that he is fully bound by every legal act done and permitted in the trial of the case and that it is all binding on him the same as if he were actually present in person.

And when such administrator so permits the case to be brought to trial and trial commenced in his absence, I do not believe that he has such control over the trial proceedings by any private agreement between him and his attorneys, as is implied by the majority opinion. I think any contrary conclusion would be against public pol-

icy and might seriously impair the orderly administration of justice if such theory were carried to its logical conclusion.

I therefore think the majority opinion erroneous in recognizing or implying such powers in the administrator in this case.

However, I think the trial court in passing upon an application to vacate a judgment for irregularity in obtaining it has a wide discretion, since it is addressed to his sound legal discretion under the rule of our decisions in McKinney v. Swift, 135 Okla. 164, 274 P. 659, and Nation v. Savely, 127 Okla. 117, 260 P. 32. I think the action of the trial court in vacating this judgment might be sustained as an action within his sound legal discretion, and I therefore concur in the result.