## H. E. MOORE, *Admr'x*, v. A. K. DONAHEW.

ACTION — *New Parties—Appearance—Jurisdiction.*    October 10 the the judge of the district court issued an order making new parties defendants in an action, and in such order required them to appear and answer by October 13.    One of said defendants made no appearance and a judgment was rendered against her by default.    *Held:* The court by its order obtained no jurisdiction over the person or property of such defendant.

*Error from the District Court of Cleveland County.*

The opinion states the facts.

*Charles L. Botsford*, for plaintiff in error.

*Williams & Newell*, for defendant in error.

The opinion of the court was delivered by

DALE, C. J.: July 28, 1893, Charles Kahoe commenced an action in the district court of Cleveland county against A. K. Donahew to recover the sum of $537.25, alleged to be due upon a building contract entered into between said parties. In his petition he also asked for the foreclosure of a mechanic's lien upon lot 21, block 67, in the city of Norman, Cleveland county. Donahew was duly summoned and answered, admitting that Kahoe did the work and furnished the materials as set forth in his petition and mechanic's lien, but denied responsibility for the entire amount, for the reason that the building was erected by three different persons, and that it was situated on three different lots; that Kahoe had a contract with him, Donahew, to perform the labor and furnish the materials for that part of the building situated upon the lot described in plaintiff's petition, but alleged that he had paid Kahoe all the contract price for the erection of the building on such lot, except $82, which had been duly tendered. The answer then alleged "that one-half of the west wall of said building is built on the lot joining on the west, and it was, at the time of the building, owned by V. A. Wood, and that plaintiff had a separate contract with said Wood, by which said Wood was to pay for one-half of said west wall; that one-half of the east wall was and is built onto the lot joining on the east, and is and was, at the time of the building, the property of J. T. Moore, and that plaintiff had a separate contract with said Moore by which said Moore was to pay plaintiff for one-half of said east wall; that under the contract between plaintiff and the defendant the plaintiff particularly agreed to look to said Wood and Moore for payments due from said parties for that portion of the wall so located upon their lots." To this answer Kahoe filed

his reply, denying all allegations of new matter set up in the answer of the defendant Donahew.

From the record before us we find the following order:

"Now, on this 10th day of October, 1893, this cause coming on for hearing, it appearing from the evidence that Dr. V. A. Wood and Mrs. H. E. Moore, administratrix, are necessary parties to a full and complete determination of this action:

"It is, therefore, ordered by the court, that said parties, Dr. V. A. Wood and Mrs. H. E. Moore, administratrix, be, and they are hereby, made parties defendant to this action, and that they appear at the court house in Norman, Oklahoma Territory, on the 13th day of October, 1893, at nine o'clock A. M. and make defense in said action, if any they have."

The order was signed by the judge, and upon the back thereof appears the endorsement to the effect that the same was served upon V. A. Wood and Mrs. H. E. Moore on the 11th day of October, 1893.

On the 19th day of April, 1894, a judgment was rendered in the case, and in said judgment it appears that Mrs. H. E. Moore, administratrix, made no appearance whatever in the cause, and that, notwithstanding such default, a judgment was rendered against her for $249.59, on account of one-half of a party wall, built by the plaintiff, Kahoe, which judgment was made a lien upon lot 22, in block 67, in the city of Norman, and an order was made that unless the same was paid in twenty days, the building upon said lot 22 should be sold to satisfy the judgment.

Moore appeals this case and assigns numerous errors, only one of which we will consider, to-wit: that no service of summons was had upon her, and no waiver of summons was entered. From the record it appears that Mrs. Moore never made any appearance to the order of the court making her a party, and the judgment also recites that fact. Did the court, by

service of its order of October 10, requiring her to appear and answer within·three days, obtain any jurisdiction over her in the action? This case was brought under the Code of 1890. In § 22, ch. 70, Laws of 1890, provision is made whereby the court may order new parties brought into the action where such parties are necessary for a complete determination of the controversy. In the case under consideration, it appears that the court, on its own ·motion on October 10, directed additional parties to be made defendants in the action, and further ordered that they appear and make defense to the action of the plaintiff on October 13, at 9 A. M. This was error. Under the code then in force, a new party to the action was entitled to the same notice, to be given in the same manner, as required for defendants in the commencement of an action. (Laws of 1890, §§ 24 and 27, ch. 70.) This being true, it follows that the court acquired no jurisdiction over either the person or property of Mrs. Moore, and the judgment so rendered was void. (*Cox et al. v. Matthews et al.* 17 Ind. 367; *McCormick v. First National Bank et al.* 53 Ind. 456; and cases cited in those opinions.)

The judgment of the court below is reversed.

Scott, J., having presided at the trial in the court below, not sitting; all the other Justices concurring.