## JEFFERSON v. GALLAGHER et al.

No. 13949—Opinion Filed July 1, 1924.

Rehearing Denied Dec. 9, 1924.

**1. Indians—Validity of Conveyances—Consideration—Parol Evidence.**

An Indian grantor, selling portions of his surplus allotment under conditions prescribed in section 16 of the Act of Congress of July 1, 1902 (32 Stat. L. 641), cannot be bound by recitals of consideration in his conveyance; but is at liberty to show by parol evidence the actual consideration paid to him for his land, for the purpose of destroying his grant, if he has not been paid an amount equal to the appraised value thereof; and equity and good conscience require that the grantee in such Indian conveyance be not held bound by the recital of consideration contained therein, but may offer parol proof for the purpose of showing that he complied with the congressional act by having paid an amount for the land equal to the appraised value thereof, for the purpose of establishing the validity of the grant, notwithstanding the recital of consideration in the conveyance.

**2. Same.**

Where an Indian conveyance of allotted lands, made when section 16 of the Act of Congress of July 1, 1902 (32 Stat. L. 641), was in effect, requiring that the land be not sold for less than the appraised value, recites a consideration of less than the appraised value of the land, the recital prima facie establishes the invalidity of the conveyance, but such prima facie showing of invalidity may be rebutted by parol evidence as to what was actually paid; and if in fact an amount equal to the appraised value of the property was actually paid, the validity of the instrument is established, regardless of the recital of the consideration.

**3. Same—Judgment Sustained.**

Record examined, and held, that the trial court did not err in admitting the parol testimony of the defendant as to what he actually paid the Indian plaintiff for his land; and held that the judgment should be affirmed.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Carter County; B. C. Logsdon, Judge.

Action by Calvin Jefferson against James H. Gallagher et al., to cancel instruments and quiet title to real estate. Judgment for defendant James H. Gallagher, and plaintiff appeals. Affirmed.

Wm. G. Davisson and McPherren & Wilson, for plaintiff in error.

Ledbetter & Ledbetter, for defendant in error James H. Gallagher.

Opinion by SHACKELFORD, C. The plaintiff in error was plaintiff below, and the defendant in error was defendant; and for convenience the parties will be referred to herein as they appeared in the trial court.

The plaintiff, Calvin Jefferson, filed this action in the district court of Carter county on the 22nd day of January, 1921. He alleges in his petition that he is a Choctaw Indian of three-fourths blood; and that he was allotted as his portion of the lands of the Choctaw Indians, the following lands: The southwest quarter of the northeast quarter of section 25, township 2 south, range 3 west, with other lands: and that he is now the owner and in possession thereof; that the defendant is claiming some right, title, or interest therein, which claim constitutes a cloud upon his title; and seeks to cancel a purported deed from Calvin Jefferson to James H. Gallagher dated June 3, 1907, and duly recorded. Plaintiff alleges that if he ever executed the deed it is void for the reason that at the date of the execution thereof the land described therein was restricted, and he had no power to make a conveyance thereof. The deed complained of seems to have been dated June 3, 1907, the consideration recited therein being the sum of $125, and purports to convey to the defendant Gallagher the southwest quarter of the northeast quarter of section 25, township 2 south, range 3 west, in Choctaw Nation, containing 40 acres, and is not of the homestead allotment. It purports to have been signed and acknowledged by Jefferson and his wife, and recorded. He seeks cancellation of the deed and the record thereof, and to quiet his title to the land therein described. On the 2nd day of June, 1921, the defendant filed a demurrer to the plaintiff's petition for the alleged reason that the petition does not state facts sufficient to constitute a cause of action. This demurrer was overruled on the 6th of September, 1921. No exceptions seem to have been reserved to the ruling had upon the demurrer to the petition. It appears that on the 27th of July, 1921, the plaintiff filed an amended petition on which the cause was tried. There is no material

difference between the original and amended petitions so far as any question involved in this appeal is concerned.

The answer of James H. Gallagher is, first, a general denial of all the allegations of the petition. For affirmative answer it is alleged that defendant has title to the southwest quarter of the northeast quarter of section 25, township 2 south, range 3 west, having purchased said land from Calvin Jefferson, who at the time of making the conveyance had a right to sell the said land, since said land constituted one-fourth in acreage of the Jefferson allotment, exclusive of the homestead, and that the sale and deed were made after the expiration of a year after the patent was issued to Jefferson conveying the land to him, and that more than the appraised value of the land was paid to Jefferson as a consideration therefor. There were some other lands described in the petition, and the answer disclaims any interest in such other lands. The defendant prays that his title be quieted to the 40 acres described. The plaintiff demurred to the answer on the ground that the answer did not state facts sufficient to constitute a defense to the plaintiff's cause of action set out in his petition; which demurrer was overruled and an exception allowed. On the 9th of November, 1921, the plaintiff filed reply denying all the allegations contained in the answer and specifically pleading that he is a Choctaw Indian of three-fourths blood, and that the land involved is a portion of his allotted lands; that if he made the conveyance relied on by the defendant the lands were restricted from alienation and the restrictions had not been removed, and that because of such restrictions any conveyance by him made was wholly void; and therefore the defendant Gallagher acquired no title by reason of the conveyance; and prays that defendant take nothing by reason of the matters affirmatively pleaded in the answer.

The cause was called for trial on the 18th day of May, 1922, a jury was waived, and the cause submitted to the court without a jury. In the opening statement of the plaintiff's case counsel stated that the land involved was a part of the allotted lands of the plaintiff, and they are restricted, and any conveyance made by plaintiff was wholly void because of the restrictions. In the opening statement for defendant it is admitted that plaintiff is a three-fourths blood Choctaw Indian; that the 40 acres of land in controversy is a part of the surplus allotment of plaintiff. It was denied that there were any restrictions upon the 40 acres, since it constituted no more than one-fourth in acreage of the surplus allotment, and the conveyance was not made until more than a year had expired after the date of the patent issued to the plaintiff; and that defendant had paid plaintiff more than the appraised value of the 40 acres; that the transaction was had before the Congressional Act of May 27, 1908, went into effect; that the patent to plaintiff was issued in 1905 and plaintiff sold to defendant in 1907.

There was then submitted an agreed statement of facts in which it was agreed as follows: That plaintiff is a three-fourths blood Choctaw Indian; that the 40 acres of land involved is a part of the surplus allotment of the plaintiff; that the deed recorded at page 197, book 8, records of Carter county (the deed hereinbefore referred to), is the deed under which defendant claims; that at the time the deed was made plaintiff was of lawful age to convey; that exhibit "A" is the original allotment patent issued to plaintiff; that both instruments mentioned should be considered as evidence introduced; that the appraised value of the 40 acres in controversy is $130.

Exhibit "A", referred to in the stipulation or agreed statement of facts, is the original patent issued to plaintiff, dated August 30, 1905, and described certain lands, in all 160 acres, more or less, including the land in controversy, and is exclusive of homestead allotment. The deed to Gallagher is dated July 3, 1907, describes the land in controversy, and as a consideration recites: "For and in consideration of the sum of $125.00, one hundred and twenty-five dollars in hand paid by James H. Gallagher, the receipt of which is hereby acknowledged." The deed recites that the grantor is a member of the Choctaw Tribe of Indians.

It seems that plaintiff rested his case upon the agreed statement of facts. The defendant, James H. Gallagher, in his own behalf, testified that somebody sent a deed in blank to be signed by the plaintiff. No grantee seems to have been named in the deed. He testified that plaintiff said he would not sign the deed unless he got the money. The record shows as follows, Mr. Gallagher testifying:

"Q. What did Calvin Jefferson say? A. Said he would not sign it unless he got the money, and I said, 'You put my name in there and I will give you $150.' By Mr. Davisson: We object to that statement and move it be stricken; the deed will be the best evidence. The Court: It is all before the Court; I will hear it. Mr. Davisson: Comes now the plaintiff and objects to the introduction of any oral testimony concerning in any manner to vary the consideration as shown in the deed involved in this action, the deed in favor of said James H. Galla-

gher. for the reason the consideration therein expressed is the best evidence of the consideration paid and for the reason they attempt to increase the consideration mentioned in said deed, and any attempt to increase the consideration is for the purpose of rendering valid an instrument which on its face is invalid, by reason of the fact the consideration therein shown is less than the appraised value of the property."

The objection was overruled and exception allowed. The defendant then testified that he and the plaintiff agreed upon the consideration, fixed it at $150, which defendant paid to plaintiff, who wrote defendant's name in the blank space for the name of the grantee, and defendant received the deed and placed it of record. The defendant did not notice what consideration had been written into the deed. At this point counsel for plaintiff made a motion to strike the testimony of Gallagher, as follows:

"Comes now the plaintiff, Calvin Jefferson, and moves the court to strike all of the testimony of the defendant Gallagher which seeks to vary the consideration expressed in the conveyance executed in his favor for the reason that the instrument itself is the best evidence as to the consideration paid, and for the further reason that the introduction of testimony tending to increase the amount of consideration therein shown would have the effect of validating a conveyance otherwise invalid by increasing the amount paid beyond the appraised value of the property sold."

This motion was by the court overruled, and plaintiff excepted. It was then stipulated that the 40 acres of land in controversy is one-fourth in acreage of the plaintiff's surplus allotment. Plaintiff and defendant rested. The court rendered judgment for the defendant against plaintiff for the 40 acres of land in controversy. In the journal entry are the following findings: That Calvin Jefferson made a warranty deed conveying the 40 acres of land to James H. Gallagher, the deed being dated June 6, 1907, recorded in book 8 at page 107 in the records of Carter county, which conveyed the southwest quarter of the northeast quarter of section 25, township 2 south, range 3 west; that James H. Gallagher paid Calvin Jefferson $150 for the land; that at the time the deed was made Calvin Jefferson was of lawful age to convey, and is a three-fourths blood Choctaw Indian; that the 40 acres was one-fourth in acreage of the surplus allotment of Calvin Jefferson, exclusive of his homestead, and that the 40 acres was appraised at $130; that by reason of the deed of June 6, 1907, title to the 40 acres passed to James H. Gallagher; and judgment was accordingly entered. The plaintiff prosecutes appeal.

The sole and only question presented by the appeal necessary for decision is whether or not the defendant could lawfully show by parol evidence the true consideration for the land. If so, the judgment of the trial court is correct and should be affirmed. If not, the judgment of the trial court should be reversed and judgment entered for plaintiff.

The transaction between the plaintiff and defendant, in which the 40 acres of land in controversy was deeded to James H. Gallagher by the plaintiff, was prior to the passage of the Act of May 27, 1908, placing restrictions upon conveyances of Indian allotments such as is here involved. The Act of Congress controlling at the time the deed was made is contained in section 16 of the Act of Congress of July 1, 1902 (32 Stat. L. 641), and is as follows:

"All lands allotted to the members of said tribes, except such land as is set aside to each for a homestead as herein provided, shall be alienable after issuance of patent as follows: One-fourth in acreage in one year, one-fourth in acreage in three years, and the balance in five years; in each case from date of patent; provided, that such land shall not be alienable by the allottee or his heirs at any time before the expiration of the Choctaw and Chickasaw tribal governments for less than its appraised value."

It is admitted that at the time the deed was made on which the defendant relies and which is attacked by the plaintiff, section 16, supra, was in effect; that the amount of acreage described in the deed was one-fourth in acreage of the surplus allotment of the plaintiff; that the allotment patent had been issued as of a date more than a year prior to the date of the execution of the deed on which Gallagher relies; and it was testified by Gallagher and not disputed by the plaintiff, and the court found that Gallagher had paid $150 for the land; and it was admitted that the appraised value of the land was $130. It is also conceded that the conveyance in question was made at a time when the Arkansas law was in effect in the Indian Territory. An examination of the congressional act, supra, shows that there is an absence of any provision as to what recitals a deed made by the Indian allottee shall contain. In other words, there is no provision contained in the controlling congressional act which requires that the true consideration shall be stated in the conveyance. The only provision with reference thereto is that the land shall not sell "for less than its appraised value." Nor is there any provision in the Arkansas statutes as to conveyances which requires any particular form of conveyance to be used, or any particular recitals to be made therein; and no pro-

vision requiring that the actual consideration paid for the land be recited in the deed.

The contention made by the plaintiff is, that in the absence of an allegation of fraud or mistake in the recital of the consideration in the deed when executed, since the deed recites a consideration of $125, and the land was admittedly appraised at $130, and under the Act of Congress could not be sold for less than the appraised value. that the deed itself shows, when considered in the light of the appraisement, that it is void; and that it was not competent to show by parol evidence that it was a valid transaction under the law; that when the appraised value is known, the deed establishes its own invalidity, and it is not competent by parol evidence to breathe life and validity into the deed, when, taken in connection with the appraisement, it is a lifeless and invalid instrument. It is said that the deed is void upon its face, and being so it cannot be made valid by parol proof. If it is meant by the statement that the deed is void upon its face, that it establishes within its four corners its own invalidity, we cannot agree with that premise. It appears to us that the worst that can be said of it is that one examining the deed could not determine whether it is a valid deed or not. Certainly it would be necessary to have information not disclosed by the deed to determine that question. The recital of $125 consideration is contained in the deed, and the appraisement of the land was admitted to be $130. Out of these two facts arise the conflicting contentions. On the one hand the plaintiff contends that the two facts, taken together, establish the invalidity of the deed beyond remedy, no difference what the fact is about how much was paid; while on the other hand, the defendant contends that the recital of consideration in the deed and the admitted appraised value goes no further than to prima facie establish invalidity, and that such prima facie showing of invalidity may be refuted by parol proof of what was actually paid, and if the actual consideration paid was $130, or more, the prima facie showing of invalidity is overcome.

The plaintiff cites many authorities upon the proposition that the land must have sold for the appraised value or more; but these authorities do not answer the contentions here made. It is admitted by the defendant that the land must have sold for as much as the appraised value, and such admission renders it unnecessary to examine or cite authorities upon that point.

Upon the precise question presented here, no cases have been cited by either party in their brief, and we have been unable to find

any case where the precise point has been decided. In Going et al. v. Shelton et al., 74 Okla. 40, 176 Pac. 962, was a case where the reverse of the proposition here was presented. In that case the land was appraised at $118.79 the conveyance made by the allottee recited a consideration of $125, and the Indian allottee testified that she was paid only $50; and the court found in accordance with her evidence upon that point and canceled the deed. On appeal the judgment of the court below was upheld. But, the question of the competency of parol evidence attacking the recital of consideration in the deed was not raised. It seems that both parties considered that as a matter of course the Indian had a right to establish the true consideration paid by parol evidence. The question of what was really paid was, in that case, treated as a question of fact which could be determined by parol evidence. The general rule seems to be that parol evidence is not admissible to contradict the acknowledgment of a consideration paid in order to affect the validity of a deed in creating or passing title to the estate thereby granted. 10 R. C. L., sec. 239. And, based upon this rule the plaintiff here insists that the converse of this general rule is also true, that is, that the recital of consideration in the deed in question, being $125, and the land in controversy being admittedly appraised at $130, the deed is utterly invalid and void, and parol evidence cannot be resorted to to render the deed valid and effective to pass title. Since there is no case decisive of the contentions here presented, it becomes necessary to examine the question, and, if possible, arrive at a just rule which may hereafter be a guide to the courts and put the matter at rest, when this question may again arise. In the study of this case we have found trouble in applying general rules laid down by the courts in cases where no Indian question is involved. The rule above quoted cannot be applied literally to an Indian conveyance, for the very reason, which all concede, that an Indian cannot be divested of his allotted lands except in the manner prescribed by the congressional act, To say that a recital of consideration cannot be attacked for the purpose of destroying the grant can easily run counter to the plain provisions of the controlling congressional act. To illustrate, we will suppose a case the reverse of the one presented here. Suppose the recital of consideration contained in the deed is $150 and the actual payment made by Gallagher was $125, and the appraisement fixed at $130. If the rule quoted should be given application to such a supposed case, the allottee could not be heard to say that he did not receive $150,

but in fact only received $125, because such attack upon the recited consideration would be for the purpose of destroying the grant. In other words, he would be estopped to dispute the consideration for the purpose of destroying the grant, and would be divested of his title in a manner not provided for by the congressional act, that is, he was not paid the appraised value or more for the land, which the act made necessary for the purpose of divesting the title. The general rule could not be applied to the plaintiff. Nor could it become a question of pleading. Suppose the Indian allottee should admit that there was no fraud, misrepresentation, or mistake, and stand upon the lone proposition that he was paid only $125. What court would say, in the face of the provisions of the act controlling, that it was a valid conveyance, divesting the Indian of his title? We think no court would say that the deed would be valid. It follows as a natural and legitimate conclusion that the Indian allottee cannot be bound by the recital of money consideration in a conveyance executed by him. This was perhaps the view taken by the parties in the Going Case, supra, and the reason why the question of the admission of parol evidence to show what the actual consideration was, was not raised. The Indian allottee cannot be divested of his title by the regular execution of a conveyance by him, unless he is paid the appraised value of the land, or more. Under the congressional act controlling here, there was no restriction upon the Indian allottee when the conditions prescribed by the act were met. That is, if a year or more had elapsed after the date of the patent and the amount to be conveyed did not exceed one-fourth in acreage of the surplus allotment, the Indian allottee had a right to sell, provided he was paid an amount equal to the appraised value. The first two of the conditions having been met, the Indian allottee had a right to negotiate a sale to a purchaser for a consideration equal to the appraised value. No difference what recital his conveyance contained as to consideration, the allottee was not bound unless he was paid as much as the appraisement, and to cancel and set aside the deed, all the allottee would need to do would be to show that he was not paid the required consideration, and that being established by proof or by the admission of the grantee, cancellation of the conveyance must follow, as was held in the Going Case, supra. And since neither the congressional act nor the Arkansas statutes required that the actual consideration be recited in the conveyance, we can see no good reason why the grantee should be bound by the recital of consideration contained in the conveyance accepted by him. Other conditions and requirements of the congressional act having been met, payment of the appraised value or more being made to the allottee and the deed delivered was all that is required to make it a valid deed under the law. And whether the correct amount was paid becomes a question of fact which may be established by any legitimate proof, including parol evidence as to the actual amount paid. We conclude that since the allottee cannot be bound by the recital of consideration in his conveyance, as we have seen, neither is the grantee bound thereby. Whether the deed recites much or little, nominal or apparently actual consideration, or only recites that it was made for a valuable consideration, the question of fact still remains when the conveyance is attacked by the grantor because there was not sufficient consideration paid. Did the grantee comply with the congressional act by paying the allottee a sum for the land equal to the appraised value? And, such question of fact is to be determined by the court, and any legitimate evidence, including parol evidence, is admissible for the purpose of determining such question of fact. Any other rule would be inequitable and unjust. If the Indian grantor must be left free to attack the recital of consideration contained in his conveyance by parol evidence, it would be a harsh rule that would close the mouth of the grantee as to what was actually paid, and bind him hard and fast by the recital which he did not make. To lay down a rule that the Indian grantor would be bound by the recital of consideration, regardless of how much or little was paid, would be to deny effect to the Acts of Congress providing the means by which the Indian grantor may be divested of the title to his allotted property, and overturn all the decisions of this court where questions of estoppel against Indians has been raised where title to his allotted property has been involved. There is not one case where this court has held that a restricted Indian can be bound by estoppel when title to his allotted property is involved; or where it has been held that he can be divested of title by any other means than that provided by the congressional acts. When the Indian grantor can attack the recital of consideration for the purpose of destroying the grant, or for the purpose of showing that the congressional act has not been complied with by payment of sufficient consideration, no rule should be laid down which would deny the

grantee the right to attack the recital for the purpose of showing that the congressional act has been complied with, and for the purpose of showing and establishing the legality and validity of the grant. Equity and good conscience require that since it is and must remain an open question for the Indian grantor, in selling his allotted lands, as to how much consideration was paid, it must also be left an open question for the grantee of such Indian grantor as to how much actual consideration was paid.

It is admitted by plaintiff that if the defendant had pleaded in his answer that the recital of consideration in the deed, of $125, had been written in by mutual mistake, and that the recital should have been $150 instead of $125, parol evidence would have been admissible to establish the fact. It will be remembered that the plaintiff alleged that he was a restricted Indian and for that reason the deed was void and should be canceled. The defendant answered by allegations showing compliance with every condition of the congressional act, including the fact that more than the appraised value of the land had been paid therefor. No motion was leveled at the answer to make more definite and certain, and the plaintiff replied by a denial of the allegations of the answer, and by a renewal of the allegations that his restrictions had not been removed and the conveyance was void. We think the defendant's answer was sufficient to raise the question of fact as to whether the amount paid by defendant to plaintiff was equal to the appraised value of the land, as consideration for the conveyance, and we further think that parol evidence was admissible for the purpose of establishing the truth or falsity of defendant's allegations, which were, in effect, that he had complied with the law by paying the plaintiff an amount equal to or greater than the appraised value of the land in controversy. All other matters were admitted, the defendant testified that he paid $150 for the land, and plaintiff did not dispute the fact of the payment of such sum.

For the reason hereinbefore pointed out, we think the trial court did not err in admitting the oral testimony of the defendant as to the payment of the $150. As has been intimated before, we have found difficulty in applying rules laid down by the courts in cases where no Indian question is involved; and have concluded that since an Indian allottee cannot be bound by recitals of consideration in his conveyance, neither should the grantee be bound by such recitals. The learned trial judge, in effect, applied such rule in admitting the parol evidence upon the question of payment of the required consideration. The judgment of the trial court could not have been otherwise than it is, upon the record presented.

Some other questions were raised by defendant, but we find it not necessary to examine and decide them.

We recommend that the judgment be affirmed.

By the Court: It is so ordered.