**SPARKS et al. v. GALLAGHER et al.**

No. 16422—Opinion Filed Dec. 15, 1925.

Rehearing Denied Feb. 9, 1926.

(Syllabus.)

1. **Judgment—Persons Concluded—Persons for Whose Benefit Litigation Conducted.**

A party who prosecutes a lawsuit, or causes same to be done in another's name, the successful termination of which would be beneficial to himself, by reason of having purchased from the nominal party plaintiff an interest in the property which is the subject-matter of the litigation, and without the successful termination of which suit such party acquired no interest in the property, and such party so instituting and causing such litigation to be carried on in another's name does not cause himself to be made a party to the suit, he is nevertheless as conclusively precluded and estopped by the final judgment and decision in such case, from again litigating the same questions involved in the first suit, as if he had in fact been a party to the action.

2. **Same—Purchasers of Mineral Interests During Litigation.**

Where D. secures a conveyance of mineral rights underneath land previously by the same grantor conveyed to G., and D. causes the grantor, J., to institute suit to vacate and set aside a conveyance made by him to G., D. paying attorney fees, court costs, etc., and while said litigation is pending and charged with knowledge thereof, D. sells his pretended interest to S., M., and W., held, that the latter parties acquired no greater interest than their grantor, D., had, and that his estoppel to subsequently litigate the question by reason of having caused the institution and prosecution of a previous suit is binding upon the grantees of D.

3. **Appeal and Error—Dismissal—Frivolous Appeal.**

Record in the instant case examined, and held, that the motion to dismiss the appeal from the judgment of the trial court should be, and the same is hereby, sustained.

Error from District Court, Carter County; Asa E. Walden, Judge.

Action by O. S. Sparks and others against J. H. Gallagher and others. Judgment for defendants, and plaintiffs appeal. Dismissed.

Moore & West and Johnson & McGill, for plaintiffs in error.

Ledbetter & Ledbetter, and Ledbetter, Stuart, Bell & Ledbetter, for defendants in error.

BRANSON, V. C. J.    Error in this case is prosecuted by O. S. Sparks, Stanley Marsh, J. B. Moore, and A. T. West, against James H. Gallagher and others. The first named were the plaintiffs in the trial court. Judgment was there rendered against their contention, and they occupy the same position here in prosecuting their alleged errors as in the court below, and the parties will therefore be referred to as plaintiffs and defendants.

The matter is now on motion made by the defendants to dismiss the appeal, on the ground, among others, that all the matters raised have been adjudicated, and that the appeal is frivolous. Necessity requires a brief statement of the facts out of which the litigation arises. They are, in substance, these:

Calvin Jefferson was an allotted Choctaw Indian. The land in question was selected by him as a citizen of said Indian Tribe, and was owned and held by him for many years, along with other land allotted to him. He owned the same until about 1908, when he executed a deed to the defendant James H. Gallagher. Years after executing the conveyance to Gallagher, the said Calvin Jefferson executed to one O. C. Duncan a mineral grant, wherein and whereby he undertook to convey all of the oil, gas, and other minerals under the land previously conveyed to the said Gallagher in fee. A suit was thereafter instituted by the said Calvin Jefferson to have vacated and set aside the deed made to the said Gallagher. This suit eventually found its way into this court, and the issues involved therein were finally determined in favor of Gallagher, as is shown by the opinion of this court in the case of Jefferson v. Gallagher et al., No. 13949, decided July 1, 1924, 104 Okla. 263, 231 Pac. 227. This final determination of said action of Calvin Jefferson against Gallagher and others conclusively precluded the assertion by Calvin Jefferson of any interest in and to the land involved in said suit. The interest asserted by the plaintiffs here as to the mineral rights in said land, came through the said O. C. Duncan, and in brief, the record shows that the said O. C. Duncan, taking his said mineral grant long after the said defendant Gallagher had purchased the land, well knew that unless Gallagher's deed could be vacated and set aside, his instrument purporting to convey to him the mineral rights underneath the land conveyed him nothing.

The record in the instant case discloses that the said O. C. Duncan had the said named suit of Jefferson v. Gallagher instituted for his benefit, in this particular, to

wit: That it was part of the consideration which he paid for the mineral grant to Calvin Jefferson that he, the said O. C. Duncan, would have such suit instituted in the name of Calvin Jefferson with the intention of vacating, setting aside, and avoiding the conveyance which had been a matter of record for a number of years, which on its face showed that Gallagher was the owner of the land, and that he, Duncan, would hire attorneys and pay the attorney fees and the expenses of the litigation. If successful, both Jefferson and Duncan would be the beneficiaries in that the fee would be restored in Calvin Jefferson, and Duncan's mineral grant would give him the interest which he asserted in the land. Duncan carried out his part of the agreement. The testimony of Duncan and of the attorneys who appeared for Calvin Jefferson discloses that the said O. C. Duncan went to the office of the attorneys, secured and paid for their services in bringing the said suit against Gallagher and others, and bore the expenses of the litigation. However, Duncan did not cause himself to be made a party to the suit. The plan of the litigation clearly was that Calvin Jefferson should be the only plaintiff in the suit to vacate the deed, which if vacated would leave Duncan the beneficiary under the mineral grant.

Several months after this suit was instituted, and while it was pending, the plaintiffs herein made a pretended purchase from Duncan of his pretended interest in the oil, gas, and other minerals underneath the land adjudged as aforesaid to be the land of the defendant Gallagher a long time prior to the execution to Duncan by the allottee of the mineral interest. Certainly this final determination precludes and forever estops Calvin Jefferson asserting any interest either in the surface or the minerals in the land in question. But the question arising on this motion to dismiss is whether or not these plaintiffs are precluded by said judgment.

The plaintiffs, as stated above, secured their conveyances from Duncan while this original suit was pending, and we think it clear that, having purchased the interest of Duncan, charged with the knowledge of the pendency of this litigation, their rights in and to the minerals, which they assert through the mineral grant to Duncan, can under no conditions be a right greater or superior to the right which Duncan himself had; and we also think it clear that if Duncan is precluded from asserting any interest in this land by the judgment finally entered in said original action so instituted and prosecuted at the direction of Duncan, then

his grantees pending the determination of said suit are likewise precluded and estopped. Feeling that this is correct, the question then is, Was Duncan, who conveyed pending the suit to the plaintiffs, bound by the judgment to which he was not a nominal party?

We cannot read the record in the instant case without being forced to the conclusion that Duncan and his grantees dealt in this property, or rather the alleged rights of Duncan to the oil, gas, and other minerals, pending the final determination of the case of Calvin Jefferson against Gallagher, with only one exclusive purpose, and that was, if Calvin Jefferson was unsuccessful in his suit, to relitigate then the identical questions litigated in the first action. The grantees of Duncan, pending the suit, certainly knew that if Gallagher's title was sustained, Duncan had nothing, and they would acquire nothing from him. Shall they be permitted to relitigate the identical question, a final judgment as to which has long since been entered, merely because they saw fit to speculate upon the outcome of that suit. We think they should not be permitted to do the thing they here attempt, and our conclusion is in no wise contrary to the intent laid down in numerous cases involving the identical or kindred questions.

In the case of James et al. v. Germar'- Iron Co., 107 Fed. 597, the Circuit Court of Appeals of the Eighth Circuit, in an opinion written by Judge Sanborn, laid down in the syllabus the rule to which we refer, in the following language:

"A party who institutes and conducts a litigation in another's name is as conclusively estopped by the decision and judgment therein from again litigating the same issues with his adversary, as is the party in whose name he carries on the contest."

In Jones' Commentaries on Evidence, vol. 3, sec. 586, it is stated:

"In dealing with its conclusiveness on others than those appearing of record, we find that a judgment may be evidence against and conclusive upon the rights of one who was not a nominal party in the former proceeding, if he is the person who controlled and directed the action. * * * but generally, when he defends or prosecutes by employing counsel, paying costs and doing those things that are generally done by a party, will be bound by the judgment, though not a party."

The effect of these holdings is that the said O. C. Duncan is as completely bound as if he had actually been named in the litigation. If so, the plaintiffs herein are bound as his privies. Miller et al. v. Belvy Oil Co., 248 Fed. 83; Turben v. Douglas,

76 Okla. 78, 183 Pac. 881; Harper v. Aetna Bldg. & Loan Assn., 88 Okla. 128, 211 Pac. 1031; Baker v. Leavitt, 54 Okla. 70, 154 Pac. 1099; Henry Kendall College v. Fisher, 94 Okla. 255, 221 Pac. 715; Colby v. Sason, 91 Okla. 214, 217 Pac. 202.

For the reasons given, the appeal in the instant case should be, and the same is hereby, dismissed.

NICHOLSON, C. J., and MASON, PHELPS, LESTER, HUNT, CLARK, and RILEY, JJ., concur. HARRISON, J., absent and not participating.

Note.— See under (1) 34 C. J. p. 1006, § 1426; anno. 37 L. R. A. (N. S.) 963; 15 R. C. L. p. 1010; 3 R. C. L. Supp. p. 520; 4 R. C. L. Supp. p. 1031; 5 R. C. L. Supp. p. 864. (2) 34 C. J. p. 1014, §1438; anno. 21 L. R. A. (N. S.) 481. (3) 4 C. J. p. 585, §2397.