## GRECO v. FOSTER.
### No. 34906.

Supreme Court of Oklahoma.
Feb. 2, 1954.

Rehearing Denied March 2, 1954.

Application for Leave to File Second Petition for Rehearing Denied March 30, 1954.

Carmon C. Harris, Oklahoma City, for plaintiff in error.

Earl E. James, Oklahoma City, for defendant in error.

PER CURIAM.

This action was commenced on August 20, 1947, by Homer Foster, defendant in error, hereinafter referred to as the plaintiff, against Rosalie J. Foster and Joe S. Greco, hereinafter referred to as the defendants. Plaintiff alleged in his petition that he was the owner and in possession of the following real estate:

Part of W½ of NW¼ of Section 8, Township 12 North, Range 2 West, being N½ of Tract No. 5, Oklahoma County, State of Oklahoma,

and that the defendants had purchased the same for him as his agents, with money furnished by him, and that the defendants wrongfully and with preconceived design and intent to defraud him, took the legal title in their own name; he prayed judgment that he be decreed to be the owner of the property, and that the title thereto be quieted. In a second cause of action he alleged that the defendant Rosalie J. Foster had been the plaintiff in case No. D–55582 in the District Court of Oklahoma County, wherein he, Homer Foster, had been the defendant, and alleged that the defendant Joe S. Greco had appeared therein, testified as a witness, and had supervised and directed the prosecution of the case; and that therein the court had rendered a judgment for $1800 in his favor, and against the defendant Rosalie J. Foster, and had ordered that said judgment be a lien on the aforesaid real estate, and directed execution. He then alleged that because of the participation of the defendant Joe S. Greco, in said cause No. D–55582, that the said Joe S. Greco became and was bound by the judgment therein. The plaintiff's prayed judgment in the alternative, that if denied relief on his first cause of action, that he be granted relief on his second cause, foreclosing his lien on the aforesaid property.

On September 27, 1947, Rosalie J. Foster filed her general denial to plaintiff's petition, and on October 18, 1947, Joe S. Greco filed a general denial by way of answer, and filed a cross-petition against the plaintiff Homer Foster.

In his cross-petition Greco alleged that he was the owner of a ½ undivided interest in the aforesaid property, and that the plaintiff had no right, title or interest therein, or lien thereon; he further alleged that he had not been a party to the aforesaid case No. D–55582 in the District Court of Oklahoma County, and that the judgment therein was not binding upon him, and had no effect on his title to a ½ interest in the real estate. Greco prayed judgment quieting the title to a ½ interest in the real estate in himself. Thereafter and on April 19, 1950, the plaintiff filed a denial by way of reply, but dio not plead to Greco's cross-petition. While this case was pending and on March 8, 1948, the plaintiff caused execution to be issued in case No. D–55582, under which the sheriff of Oklahoma County levied on the aforesaid real estate and advertised it for sale; the defendant Greco then filed in this case an application to have the sheriff joined as a defendant, and to enjoin him and the plaintiff from proceeding with the execution; this application was denied on March 9, 1948.

On June 29, 1950, the case was called for trial, and after presenting a motion for judgment on the pleadings, which was overruled, the plaintiff offered in evidence certain of the files and proceedings, including the Journal Entry, in case No. D–55582, which were admitted by the court, without objection. An examination of this evidence discloses that case No. D–55582 was a divorce action, in which the defendant Rosalie J. Foster was plaintiff and the plaintiff Homer Foster was defendant. That in her petition so filed in the District Court of Oklahoma County, Rosalie J. Foster, after stating a cause of action for divorce on the grounds of extreme cruelty, alleged:

"That the family residence is 5500 N.E. 63rd Street, which property was purchased by the plaintiff and her father, each owning an undivided one-half (½) interest therein * * *,"

and she therein prayed judgment for divorce, custody, child support, and that she be decreed to be the owner of the aforesaid real estate. The plaintiff Homer Foster filed his answer to this petition, and with regard to the aforesaid real estate alleged:

" * * * that the family residence at 5500 N.E. 63rd Street, Oklahoma City, Oklahoma was purchased by the defendant (Homer Foster) and plaintiff (Rosalie J. Foster) as their home, and that the plaintiff (Rosalie J. Foster) by preconceived design of herself and her father placed the title of the said property in the name of the plaintiff (Rosalie 'J. Foster) and her father (Joe S. Greco), for the sole purpose of defeating any claim that the said defendant (Homer Foster) might have; that said property was purchased with part of the money of the plaintiff (Rosalie J. Foster) and out of the funds that were obtained by plaintiff from the sale of bonds which were purchased for the child of the parties hereto, by plaintiff and defendant."

The plaintiff Homer Foster then prayed judgment for an equitable division of property.

The issues in said case No. D–55582 being thus joined, it appears that the case was set for trial on August 18, 1947, and the defendant Homer Foster caused Joe S. Greco to be subpoenaed as a witness for the defendant Homer Foster. The case was tried and on August 19, 1947, the court rendered judgment therein, granting Rosalie J. Foster a divorce, child support and attorneys fee, but also granting Homer Foster a judgment for $1800 against the said Rosalie J. Foster; the Journal Entry with regard thereto being as follows:

"The Court further finds that the defendant (Homer Foster) has advanced the plaintiff (Rosalie J. Foster) Thirty Six Hundred ($3600.00) Dollars, in addition to support money, and that the plaintiff should have saved said money and instead the plaintiff wrongfully spent the same in connection with her father, Joe Greco, in the purchase of a home; said premises being located at 5500 N. E. 63rd Street, Oklahoma City, Oklahoma, and being legally described as follows: * * *.

"The Court further finds that the defendant is entitled to have judgment against the plaintiff in the sum of Eighteen Hundred ($1800.00) Dollars, and that said judgment should be made a lien upon the foregoing property; that the same should be paid within a reasonable time, and if unpaid within a reasonable time, then special execution shall issue, * * *.

"The Court further finds that Joe Greco, the father of the plaintiff herein, (Rosalie J. Foster) appeared in court and testified on behalf of the plaintiff, concerning his property rights in the real estate of the parties hereto, and that the said Joe Greco participated in and supervised the prosecution of said law-suit; and therefore should be bound by this judgment and lien relating to the property herein involved. * * *

"It is further ordered, adjudged and decreed by the court that the defendant Homer Foster have judgment against the plaintiff in the amount of Eighteen Hundred ($1800.00) Dollars, as his proper property division, and that said judgment for Eighteen Hundred ($1800.00) Dollars shall be a first and prior lien against the following described property, located at 5500 N. E. 63rd Street, Oklahoma City, Oklahoma County, Oklahoma: * * * that said $1800.00 lien shall be defendant's (Homer Foster) only interest in said property, in either title or possession, and plaintiff is hereby ordered and directed to pay said judgment within a reasonable time, and if unpaid within a reasonable time, then special execution shall issue, and said property shall be sold to satisfy said judgment lien. It is further ordered and adjudged that said judgment lien shall be prior to any claim or right of Joe Greco."

After the introduction of the Journal Entry, the trial court made the following statement:

"There is a finding that Joe Greco appeared and participated in the prosecution of this lawsuit. I am satisfied that Joe Greco was a party and could have appealed from the judgment but in the absence of an appeal I think that judgment is final and binding upon this court."

The defendant Greco then offered to produce testimony relating to such judgment and showing that he did not participate in the case; the court sustained objection to such offer, and rendered judgment in favor of the plaintiff and against the defendants, quieting the title to the property, and denying the defendant Joe Greco any relief under his cross-petition.

Greco filed his motion for new trial, which was overruled, and he subsequently perfected his appeal to this court.

Stripped of all incidental features, the appeal presents but one question, i. e., whether the judgment in case D–55582 was binding upon the defendant Joe S. Greco, who was not a party to the action in which it was rendered.

■■ The general rule is that a judgment may not ordinarily be rendered in favor of or against a person who was not made a party to the action, or who did not intervene and file pleadings therein.

There is statutory authority only for rendering a judgment for or against a party to the action:

"Judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants; it may determine the ultimate rights of the parties on either side * * *." Title 12 O.S. 1951 § 682.

■■ Notice and opportunity to be heard are two of the essential elements of due process of law. A judgment establishing a lien against a person or his property requires that he be given notice and opportunity to be heard in order for the court to have jurisdiction to enter the judg-

ment. Gillett v. Romig, 17 Okl. 324, 87 P. 325; In re White's Estate, 175 Okl. 439, 52 P.2d 1074. The Court cannot obtain jurisdiction of a person by making an order bringing him in, but such person is entitled to the same notice, to be given in the same manner as required for defendants in the commencement of an action. Moore v. Donahew, 3 Okl. 396, 41 P. 579.

■■ An action is a proceeding in court by which a party prosecutes another party for the enforcement or protection of a right, the redress of a wrong, or the prevention of a wrong, or the punishment of a crime. The statute designates the parties to an action as follows:

"In such action, the party complaining shall be known as the plaintiff, and the adverse party as the defendant." Title 12 O.S.1951 § 11.

And there are no other parties to an action, except interveners, who are persons having an interest in real or personal property, and who themselves apply to be made parties. Title 12 O.S.1951 § 237.

■■ Under our system of jurisprudence it is a fundamental principle that it is only against a party to the action that a judgment can be ordinarily rendered, and a judgment is not binding against a stranger to the action. Moore v. Capital Gas Corporation, 117 Mont. 148, 158 P.2d 302. There are cases in which an action has been filed and prosecuted by one person in the name of another, and in which it has been held that the former although not a nominal party to the action, will be estopped to again litigate the same matter, and this court has so held in the case of Sparks v. Gallagher, 114 Okl. 103, 243 P. 228, 229, where it cited with approval the syllabus of an opinion by Judge Sanborn in James v. Germania Iron Co., 8 Cir., 107 F. 597, in the following language:

"'A party who institutes and conducts a litigation in another's name is as conclusively estopped by the decision and judgment therein from again litigating the same issues with his adversary as is the party in whose name he carries on the contest.'"

■ There are other cases in which it is held that a person who is not a party to an action, but who participates therein and has an interest in the subject matter in controversy in the action, and participates therein for the protection of his own interest and not as representing the interest of a party of record, and where it is known to the adverse party that such party is participating for the protection of his own interest, is bound by the judgment rendered therein. There are still other cases in which it is held that a person not a party to the action, but who participates and who has control of and directs the litigation, with the privilege of exercising all of the rights of a party of record, such as the right to introduce evidence, to cross-examine witnesses, and who employs counsel, pays costs, and does those things generally done by a party of record, is estopped to deny the validity of a judgment rendered therein. The doctrines of res adjudicata and estoppel by judgment are, strictly speaking, operative only between parties and privies to parties who are parties to the action, and the principle of these doctrines, being one of public policy, that a matter once litigated should not be again called for adjudication. This policy has caused more courts to give the term "Parties" a broader meaning than actual parties to the action, and frequently brings them into conflict with the fundamental policy of the law, that every person must have his day in court. Some courts use this doctrine to bring in not only the privies of actual parties, but persons who control litigation and prosecute the same for their own benefit and convenience. There is a lack of unanimity among the courts, as to what degree of participation is necessary to bind a person, but most courts agree that there must be "control". What constitutes control is not capable of precise definition, but varies with the circumstances of each individual case, and the views of the different courts.

■ An examination of the evidence discloses that the plaintiff herein, Homer Foster, caused the defendant, Joe S. Greco, to be subpoenaed as a witness in case No. D-55582, and was therefore himself responsible for the presence of Greco at the trial. There is no evidence that Greco did anything more than testify as a witness in the case, and the nature of his testimony is not disclosed by the record. Rosalie J. Foster in her petition in that case alleged that she was the owner of a ½ interest in the property, and that her father was the owner of the other ½ interest therein; Homer Foster in his answer asked for an equitable division of property; there was nothing in the pleadings in that case that would indicate to Joe S. Greco that the court would adjudicate any of his property rights therein, even if Greco was familiar with the pleadings in the case. It appears that Rosalie J. Foster and her father, Greco, were tenants in common of said property, each owning a ½ interest therein, and neither acquired his or her interest by or through the other; there is nothing to denote any privity of interest between them. The term "Privity" denotes successive relationship or ownership of the same property from a common source. The rule of privity as applied to the rights of parties, as found and determined in judgments binds only the parties to the suit, and those claiming by or through them. Green v. Wahl, 117 Okl. 292, 246 P. 419.

■ If the interest of Joe S. Greco in the property was to have been adjudicated by the court, then it was the duty of the trial court to order him brought in as a defendant:

"The court may determine any controversy between parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a determination of the controversy cannot be had without the presence of other parties, the court must order them to be brought in." Title 12 O.S.1951 § 236.

■ The record discloses that Joe S. Greco has never had his day in court, and the case is therefore reversed, with directions to try the case on the merits of plaintiff's petition and the cross-petition of the defendant, Joe S. Greco.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, CORN, DAVISON,

O'NEAL, WILLIAMS and BLACKBIRD, JJ., concur.

This Court acknowledges the services of Attorneys M. A. Holcomb, Orlando F. Sweet and Keith Drum, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the Court.